PEOPLE v WILLIE JOHNSON

PEOPLE v RICHARD JOHNSON

Docket Nos. 60015, 60169. Argued January 11, 1979 (Calendar Nos. 12, 11).—Decided June 18, 1979. Plaintiff's motion for clarification denied September 26, 1979.

Willie Johnson, Jr., was charged with four counts of first-degree criminal sexual conduct and one count of armed robbery arising out of the assault, robbery and rape of a woman with the help of an accomplice. A jury in Recorder's Court of Detroit, Robert L. Evans, J., found the defendant guilty of sexual penetration while aided by another person, and sexual penetration by force causing personal injury to the victim, but was unable to reach a verdict as to the other counts. The defendant argued on appeal that it was improper to charge, convict and sentence him on multiple counts of criminal sexual conduct because there was evidence of only a single sexual penetration by him. The Court of Appeals, Bronson, P.J., and Allen and D. E. Holbrook, Jr., JJ., vacated the conviction of sexual penetration by force causing personal injury and affirmed the conviction of sexual penetration while aided or abetted by another person (Docket No. 27857). The people appeal.

Richard Johnson was convicted, on his plea of guilty, in Recorder's Court of Detroit, James Del Rio, J., of sexual penetration while armed with a weapon, sexual penetration under circumstances involving the commission of another felony, and armed robbery. The charges arose from the rape and armed robbery of a woman, and the defendant argued on appeal that it was improper to charge, convict and sentence him on multiple counts of first-degree criminal sexual conduct arising out of a single sexual penetration. The Court of Appeals, D. E. Holbrook, Jr., P.J., and R. B. Burns and T. M. Burns, JJ., granted the people's motion to affirm (Docket No. 28279). Defendant appeals. *Held:*

1. The criminal sexual conduct statute replaced a variety of obsolescent statutory provisions relating to sexually assaultive

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 65 Am Jur 2d, Rape §§ 41-48, 114, 115.
73 Am Jur 2d, Statutes §§ 145, 146, 300, 432.

crimes with a unified statute more reflective of contemporary understanding of the nature of criminal sexual conduct and the interests of modern society. It attempts to clarify the definitions of criminal conduct and to delineate precisely the conduct proscribed. The statute sets forth four degrees of criminal sexual conduct which are distinguished in their severity by the nature of the conduct (penetration or contact) and the circumstances under which the conduct occurs.

2. There is nothing in the language of the statute or its legislative history to support the argument that a single act of sexual penetration might result in multiple convictions of criminal sexual conduct. The mere fact that the Legislature sought to strengthen the laws against sexual violence does not lead ineluctably to the conclusion that the Legislature intended multiple convictions of first-degree criminal sexual conduct where a single act of sexual penetration is accompanied by more than one of the circumstances enumerated in the statute.

3. The Legislature intended to delineate precisely the scope of the statute by providing that when a sexual penetration is accompanied by any of the aggravating circumstances enumerated in the statute such penetration constitutes first-degree criminal sexual conduct. It appears from the face of the statute that the gravamen of the crime is sexual penetration accomplished under any of the enumerated circumstances. There was no legislative intent that proof of one or more of the aggravating circumstances could transform one criminal sexual act into many. Although the statute is not explicitly phrased in the alternative, the Legislature apparently intended that the various aggravating circumstances be alternative ways of proving first-degree criminal sexual conduct. Canons of strict construction and the rule of lenity, in any event, would require that result in the absence of a clear legislative intent to the contrary.

4. The fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances may well ease the burden upon the prosecution in attaining a conviction of first-degree criminal sexual conduct, but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing. This decision makes it unnecessary to address the issue of possible violation of the constitutional prohibition against double jeopardy.

5. The decision of the Court of Appeals is affirmed as to defendant Willie Johnson, Jr. The order of the Court of Appeals as to defendant Richard Johnson is reversed; his conviction of sexual penetration under circumstances involving the

commission of another felony is vacated, and his remaining convictions are affirmed.

75 Mich App 221; 255 NW2d 207 (1977) affirmed.

1. RAPE — CRIMINAL SEXUAL CONDUCT — FIRST DEGREE — MULTIPLE CONVICTIONS — STATUTES.

Nothing in the language of the statute concerning criminal sexual conduct or its legislative history supports the argument that a single act of sexual penetration might result in multiple convictions of first-degree criminal sexual conduct (MCL 750.520b; MSA 28.788[2]).

2. RAPE — CRIMINAL SEXUAL CONDUCT — FIRST DEGREE — MULTIPLE CONVICTIONS — STATUTES.

The mere fact that the Legislature sought to strengthen the laws against sexual violence does not lead ineluctably to the conclusion that the Legislature intended multiple convictions of first-degree criminal sexual conduct where a single act of sexual penetration is accompanied by more than one of the circumstances enumerated in the statute (MCL 750.520b; MSA 28.788[2]).

3. RAPE — CRIMINAL SEXUAL CONDUCT — FIRST DEGREE — MULTIPLE CONVICTIONS — STATUTES.

Canons of strict construction and the rule of lenity require the result that the enumeration in the statute concerning first-degree criminal sexual conduct of various aggravating circumstances be alternative ways of proving criminal sexual conduct in the first degree in the absence of a clear legislative intent to the contrary (MCL 750.520b; MSA 28.788[2]).

4. RAPE — CRIMINAL SEXUAL CONDUCT — FIRST DEGREE — MULTIPLE CONVICTIONS — STATUTES.

The fact that a single sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in the statute may well ease the burden upon the prosecution in attaining a conviction under the statute, but it may give rise to only one criminal charge of first-degree criminal sexual conduct for purposes of trial, conviction, and sentencing (MCL 750.520b; MSA 28.788[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Michael R. Mueller* and

*Larry L. Roberts,* Assistants Prosecuting Attorney, for the people.

*Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people in *Willie Johnson.*

*Alvin C. Sallen* for defendant Richard Johnson.

*Leonard Townsend* for defendant Willie Johnson, Jr.

Amicus Curiae:

Legal-Legislative Committee, Southeast Michigan Anti-Rape Network.

FITZGERALD, J. In these separate criminal cases, which we consolidated for appeal, both defendants were charged with and convicted of multiple counts of criminal sexual conduct in the first degree arising from single acts of sexual penetration.

The threshold question is one of statutory interpretation: When the Legislature enacted the first-degree criminal sexual conduct statute, MCL 750.520b; MSA 28.788(2), did it intend that a single sexual penetration, accompanied by more than one of the statute's enumerated special circumstances, result in multiple criminal charges for purposes of trial, conviction, and sentencing? We answer this question in the negative. Therefore, we find it unnecessary to address the issue of whether the constitutional prohibitions against double jeopardy would be violated by a multiple conviction of criminal sexual conduct based upon one sexual act.

I

Defendant Willie Johnson, Jr., was tried on an information charging him with four counts of first-degree criminal sexual conduct and one count of armed robbery. The trial record indicates that on October 11, 1975, complainant and her husband and their guest drove to Detroit from London, Ontario, to visit relatives. In the vicinity of Ethel's Bar on the east side of Detroit, complainant was threatened with a gun, beaten into submission, and robbed and raped by defendant Willie Johnson and an accomplice. It appears from the record that during this criminal activity, complainant's husband was in the back seat of another car sleeping off the effects of a day-long drinking spree, and the couple's guest was confined by the culprits in the back seat of the car in which the rape and robbery occurred. Complainant testified that after defendant Willie Johnson had severely beaten her on the face, the accomplice got into the car, and she was driven to a more secluded spot where she was first raped by the accomplice and then raped by Willie Johnson. Seminal stains of the same blood type as appellant's and seminal stains of a different type were later found on both the clothing of complainant and Willie Johnson. When defendant Willie Johnson was apprehended soon after the commission of the crimes, blood of the same type as the victim's was found on his clothing.

Willie Johnson was charged with the following counts:

1) Sexual penetration with another "under circumstances involving the commission of any other felony". MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

2) Sexual penetration with another by force while "aided or abetted by 1 or more other per-

sons". MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii).

3) Sexual penetration with another while "armed with. a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon". MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

4) Sexual penetration with another by force causing personal injury to the victim. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

5) Robbery armed. MCL 750.529; MSA 28.797.

The trial court instructed the jury that defendant Willie Johnson could be found guilty or not guilty on any or all of the five separate offenses with which he was charged. The jury found defendant guilty of counts 2 and 4, but were unable to reach a verdict on the remaining counts.

Defendant Richard Johnson was charged in a three-count information with two counts of first-degree criminal sexual conduct and one count armed robbery. It appears from the record that the charges against Richard Johnson arose from a rape and armed robbery of a woman at a newspaper substation in Detroit on July 11, 1975. Defendant entered the substation around closing time and indicated that he had a gun by holding his hand under his jacket. He then raped the complainant, took the money out of her purse, and drove away in her car. On February 18, 1976, defendant Richard Johnson pled guilty as charged to the following counts:

1) Sexual penetration with another while "armed with a weapon or any article used or fashioned in a manner to lead the victim to rea-

sonably believe it to be a weapon". MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

2) Sexual penetration with another "under circumstances involving the commission of any other felony". MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

3) Robbery armed. MCL 750.529; MSA 28.797.

On appeal both defendants argued that it was improper to charge, convict, and sentence them for multiple counts of first-degree criminal sexual conduct because there was evidence of only a single sexual penetration.

On April 19, 1977, the Court of Appeals panel which heard defendant Willie Johnson's case unanimously accepted defendant's argument and vacated Willie Johnson's conviction on count 4 and affirmed the remaining conviction on count 2. 75 Mich App 221; 255 NW2d 207 (1977). The panel held that it was not the intent of the Legislature that a defendant be convicted of multiple counts of first-degree criminal sexual conduct when there was only a single sexual penetration.

However, the Court of Appeals panel which heard defendant Richard Johnson's case disagreed, and on May 10, 1977, that panel granted the prosecution's motion to affirm.

While we are without the benefit of the Court of Appeals analysis in the case of Richard Johnson, a different panel of the Court of Appeals subsequently held that it was the intent of the Legislature to allow for multiple convictions of first-degree criminal sexual conduct where there was only a single sexual penetration and that such multiple convictions are not violative of constitutional prohibitions against double jeopardy. *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977).

In view of the conflicting opinions of the Court of Appeals on this issue, we granted leave to

appeal in the instant cases to determine the scope of criminal liability under MCL 750.520b; MSA 28.788(2). 402 Mich 826-827 (1977).

## II

With the enactment of the criminal sexual conduct statute, 1974 PA 266, the Legislature replaced a variety of obsolescent statutory provisions[1] relating to sexually assaultive crimes with a unified statute more reflective of contemporary understanding of the nature of criminal sexual conduct and the interests of modern society. The "new" statute represents an effort to clarify definitions relating to criminal sexual conduct and to delineate precisely the conduct proscribed. In recognition that some forms of criminal sexual conduct are more heinous than others, the Legislature set forth in the statute four degrees of criminal sexual conduct which are distinguished in their severity by the nature of the conduct (penetration or contact) and the circumstances under which the conduct occurs.

In the instant cases, defendants were both charged with and convicted of multiple counts of first-degree criminal sexual conduct, contrary to MCL 750.520b; MSA 28.788(2). The statute in question provides as follows:

"(1) A person is guilty of criminal sexual conduct in

---

[1] The following sections of the Michigan Penal Code, 1931 PA 328, were repealed by 1974 PA 266: MCL 750.85; MSA 28.280 (assault with intent to commit rape, sodomy, or gross indecency); MCL 750.333; MSA 28.565 (incest); MCL 750.336; MSA 28.568 (indecent liberties with a child under 16); MCL 750.339; MSA 28.571 (females debauching males under 15); MCL 750.340; MSA 28.572 (males debauching males under 15); MCL 750.341; MSA 28.573 (ravishment of a female patient in an institution for the insane); MCL 750.342; MSA 28.574 (carnal knowledge of a female ward by guardian); and MCL 750.520; MSA 28.788 (carnal knowledge).

the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

"(a) That other person is under 13 years of age.

"(b) The other person is at least 13 but less than 16 years of age and the actor is a member of the same household as the victim, the actor is related to the victim by blood or affinity to the fourth degree to the victim, or the actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

"(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

"(d) The actor is aided or abetted by 1 or more other persons and either of the following circumstances exists:

"(i) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless.

"(ii) The actor uses force or coercion to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in subdivision (f)(i) to (v).

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes but is not limited to any of the following circumstances:

"(i) When the actor overcomes the victim through the actual application of physical force or physical violence.

"(ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

"(iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, 'to retaliate' includes threats of physical punishment, kidnapping, or extortion.

"(iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

"(v) When the actor, through concealment or by the element of surprise, is able to overcome the victim.

"(g) The actor causes personal injury to the victim, and the actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless.

"(2) Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years."

The prosecution maintains that when the Legislature enacted the criminal sexual conduct statute, it intended that a single sexual penetration, accompanied by more than one of the circumstances enumerated in MCL 750.520b; MSA 28.788(2), result in multiple criminal charges for purposes of trial, conviction, and sentencing. To support this contention, the prosecution points to the inadequacies of the "old" rape statute, MCL 750.520; MSA 28.788, and the dissatisfaction with that statute expressed by a number of groups which proposed a revision of the statutes relating to sexually assaultive crimes. The legislative history behind 1974 PA 266 appears to have also led the panel of the Court of Appeals which decided *People v Nelson, supra,* to reach the same conclusion as to the scope of MCL 750.520b; MSA 28.788(2):

"In light of the fact that the Legislature was responding to a public demand for tightening up of the criminal laws regarding sexual violence, we are constrained to conclude that, in general, the legislative purpose of the new criminal sexual conduct statute was to strengthen, not weaken, within constitutional strictures, the criminal law describing unlawful sexual conduct. Consistent with that legislative purpose is an

interpretation that each listed special circumstance is the basis for a separate offense and conviction." 79 Mich App 303, 319.

We disagree with this conclusion. Indeed, we find nothing in the language of 1974 PA 266 or its legislative history to support the argument that a single act of sexual penetration might result in multiple convictions. The mere fact that the Legislature sought to strengthen the laws against sexual violence[2] does not lead ineluctably to the conclusion that the Legislature intended multiple convictions under MCL 750.520b; MSA 28.788(2) where a single act of sexual penetration is accompanied by more than one of the enumerated circumstances.

We conclude that it was the intent of the Legislature to delineate precisely the scope of MCL 750.520b; MSA 28.788(2) by providing that when a sexual penetration is accompanied by any of the aggravating circumstances enumerated in the statute, such penetration constitutes criminal sexual conduct in the first degree. It appears from the face of the statute that the gravamen of MCL 750.520b; MSA 28.788(2) is sexual penetration accomplished under any of the enumerated circumstances. We agree with the analysis of the Court of Appeals in *People v Willie Johnson, supra:*

"We do not perceive any legislative intent, however, that proof of one or more of these aggravating circumstances could transform one criminal sexual act into

---

[2] While the clarification of terminology in 1974 PA 266 relating to sexual assaults has undoubtedly been of assistance in the prosecution of such crimes, it has been the statute's evidentiary provisions which have been heralded as removing the major obstacles in the reporting and prosecuting of sexual assaults. See MCL 750.520h; MSA 28.788(8) (testimony of victim need not be corroborated); MCL 750.520i; MSA 28.788(9) (victim need not resist actor); MCL 750.520j; MSA 28.788(10) (limits use of victim's past sexual conduct to prove a fact at issue).

many. Although the statute is not explicitly phrased in the alternative, we are of the opinion that the Legislature intended that the various aggravating circumstances be alternative ways of proving criminal sexual conduct in the first degree. Canons of strict construction and the rule of lenity, in any event, would require that result in the absence of a clear legislative intent to the contrary." 75 Mich App 221, 226-227.

The fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in the statute may well ease the burden upon the prosecution in attaining a conviction under MCL 750.520b; MSA 28.788(2), but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing.[3]

In view of the foregoing, we affirm the Court of Appeals in the case of Willie Johnson. In the case of Richard Johnson, we reverse the order of the Court of Appeals granting the prosecution's motion to affirm. Defendant Richard Johnson's conviction on count 2 is hereby vacated, and the remaining convictions are affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.

---

[3] This does not preclude a prosecutor from listing in an information each of the aggravating circumstances enumerated in the statute which may happen to accompany a single sexual penetration or contact; nor does it preclude a prosecutor from arguing the separate circumstantial bases upon which a jury can return a verdict of either guilty or not guilty of one count of criminal sexual conduct in the first degree.