## PEOPLE v ROGERS

Docket No. 75501. Submitted February 11, 1985, at Lansing.—Decided
April 16, 1985.

Defendant, William H. Rogers, was convicted of three counts of
first-degree criminal sexual conduct and one count of felony-
firearm, Oakland Circuit Court, Richard D. Kuhn, J. The
convictions arose out of an incident in which the defendant and
two others assaulted the complainant. Defendant appealed,
alleging that the trial court erred in refusing to instruct the
jury that personal injury was a necessary element of the
offense of first-degree criminal sexual conduct, that his convic-
tion of multiple counts violates the prohibition against being
twice placed in jeopardy, and that it was not proved that the
firearm was operable. *Held:*

1. The prosecution's theories were (1) penetration while
armed with a weapon and (2) penetration by force or coercion
while aided or abetted by another. Neither of those bases for a
conviction of first-degree criminal sexual conduct requires proof
of personal injury to the victim. Therefore, the trial court did
not err by refusing to instruct the jury regarding injury to the
victim.

2. Defendant was properly convicted of multiple counts. His
actions in aiding and facilitating the multiple rapes of the
victim by his codefendants were sufficient to convict him as an
aider and abettor as well as for his own act of penetration.

3. Proof of operability of the firearm is not an essential
element of felony-firearm.

Affirmed.

1. Rape — Personal Injury — First-Degree Criminal Sexual
   Conduct.

   Personal injury to the victim is not an element of first-degree

### References for Points in Headnotes

[1] 65 Am Jur 2d, Rape §§ 1-14, 28.

Sufficiency of allegations or evidence of serious bodily injury to
support charge of aggravated degree of rape, sodomy, or other
sexual abuse. 25 ALR4th 1213.

[3] 79 Am Jur 2d, Weapons and Firearms §§ 7, 15, 16.

criminal sexual conduct based upon penetration while armed with a weapon or by force and coercion while aided or abetted by another (MCL 750.520b, subds [1][d][ii] and [1][e]; MSA 28.788[2], subds [1][d][ii] and [1][e]).

2. CRIMINAL LAW — MULTIPLE CONVICTIONS — AIDERS AND ABETTORS.

A defendant may properly be convicted of multiple counts of first-degree criminal sexual conduct where he both engaged in sexual penetration with the complainant and aided and abetted his codefendants in so doing; the multiple convictions are not for the "same offense" but are for the separate acts of penetration in which the defendant was involved.

3. CRIMINAL LAW — FELONY-FIREARM — OPERABILITY OF WEAPON.

Proof of the operability of the weapon is not an essential element required for conviction of felony-firearm (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Underwood & Associates, P.C.* (by *Otis M. Underwood, Jr.),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and E. M. THOMAS,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted, along with codefendant Danny Brock, of three counts of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). On October 25, 1983, he was sentenced to concurrent terms of 7 to 30 years incarceration on the CSC convictions to be served consecutively to the mandatory two-year term for the

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

felony-firearm conviction. He appeals as of right. We affirm.

The incident giving rise to this prosecution occurred in the early morning hours of April 1, 1983, when the complainant went to an after-hours bar, the C. B. Club, after her mother refused to let her into the house. After the last customers had departed, the complainant was alone at the club with defendant Rogers, codefendant Brock, and Les Witherspoon. (Witherspoon had been charged as a result of this incident but he pled guilty to a lesser offense prior to trial.) The men began calling her derogatory names and began to touch her body. Both Brock and Rogers slapped her and pushed her around and the complainant testified that Rogers also struck her twice in the head with a pool cue. Both Brock and Rogers showed the complainant guns and, at some point, one of the men loaded his weapon in front of her. Thereafter, the complainant went into the restroom where each man then proceeded to have intercourse with her. Codefendant Brock returned a second time and engaged in penetration with the complainant.

Defendant first claims that the trial court erred reversibly by refusing to charge the jury that "personal injury" was a necessary element of the offense. While the information in the present case is not a model of clarity, it is clear that the prosecutor originally charged defendant for each of the sexual penetrations under alternative statutory grounds. This is not improper. See *People v Johnson,* 406 Mich 320; 279 NW2d 534 (1979); *People v Armstrong,* 100 Mich App 423; 298 NW2d 752 (1980). However, at trial and during closing argument, the prosecutor indicated that two theories were being advanced: penetration while armed with a weapon, MCL 750.520b(1)(e), and penetration by force or coercion while aided or abetted by

another, MCL 750.520b(1)(d)(ii). The trial court thoroughly and properly instructed the jury on the elements of those offenses.

MCL 750.520b provides that sexual penetration accompanied by any one of eight enumerated circumstances is punishable as first-degree criminal sexual conduct. The statute is divided into eight subsections, each of which may provide a basis for prosecution. Contrary to defendant's assertion, subsection (d) does not include as an essential element a showing that the victim sustained personal injury.

Under MCL 750.520b(1)(d)(ii), the prosecution is required to show penetration through the use of force or coercion and that the actor was aided or abetted by another. The use of the phrase "force or coercion" in subsection (d) does not incorporate the personal injury requirement contained in subsection (f). To adopt defendant's construction of the statute would result in a blurring of the separate bases for prosecution.

Each subsection, (a) through (h), includes an aggravating circumstance which elevates the conduct from a lesser sexual conduct offense to first-degree criminal sexual conduct. Under (d) the aggravating factor is the presence of an aider or abettor coupled with one of two additional circumstances, one of which is the use of force or coercion to accomplish the penetration. However, under (f) the aggravating factor is the personal injury to the victim which accompanies the use of force or coercion utilized to effectuate the penetration. Although certain elements are the same, the aggravating circumstances are different.

In the present case, the trial court properly instructed the jury on the necessary elements of the offenses. Had the prosecutor proceeded at trial on the theory set forth in MCL 750.520b(1)(f), it

would have been error for the court not to instruct on the element of personal injury. However, because the prosecutor proceeded under MCL 750.520b, subs (1)(d)(ii) and (e), neither of which require the victim to suffer a personal injury, the court properly declined to instruct on that element.

Next defendant claims that his conviction of multiple counts of criminal sexual conduct violates the prohibition against double jeopardy. We find his argument unpersuasive. Initially, it is clear that this is not a case of a defendant being convicted of multiple counts of first-degree criminal sexual conduct based upon his single act of penetration. *Johnson, supra.* Rather this case involves multiple penetrations and multiple actors. Defendant Rogers himself engaged in sexual penetration with the complainant. According to the victim, codefendant Brock engaged in two acts of penetration and Witherspoon also penetrated her. Defendant was present throughout the entire episode and, in its early stages, struck and threatened the complainant. He displayed a weapon to the victim, pointed it at her, and loaded the weapon in her presence. We find that defendant's convictions are not for the "same offense" but are for the separate acts of penetration in which he was involved. See *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983).

The acts of the co-actors during this entire transaction indicate that each aided and abetted the others in accomplishing the penetrations. Moreover, defendant's use of the weapon sustains his conviction of one count. His actions in aiding and facilitating the multiple rapes of the complainant by Brock and Witherspoon and his use of physical force and verbal threats are sufficient to sustain the additional convictions. See, also, *People*

*v Pollard,* 140 Mich App 216; 363 NW2d 453 (1985).

Defendant's remaining argument has been considered and rejected. Proof of the operability of the weapon is not an essential element required for conviction of felony-firearm. See *People v Poindexter,* 138 Mich App 322; 361 NW2d 346 (1984), and the cases cited therein.

Affirmed.