PEOPLE v DOWDY

Docket No. 84923. Submitted December 12, 1985, at Detroit.—Decided
     January 22, 1986.
   Randall L. Dowdy pled guilty in Wayne Circuit Court to one
     count of kidnapping and five counts of first-degree criminal
     sexual conduct and to possession of a firearm during the
     commission of a felony and was sentenced to prison for two
     years for the felony firearm conviction and to concurrent terms
     of from 10 to 20 years on each of the other convictions, to be
     served consecutively to the felony firearm sentence, Richard C.
     Kaufman, J. Defendant appealed. *Held:*
        1. Defendant's contention that his kidnapping conviction
     must be set aside because an inadequate factual basis exists in
     the record for the asportation element has not been preserved
     for appellate review.
        2. Defendant's five convictions for first-degree criminal sexual
     conduct do not violate defendant's rights not to be put in
     double jeopardy. The Legislature has authorized separate pun-
     ishment for each completed sexual penetration. Therefore,
     although all the penetrations occurred during a single criminal
     episode, defendant may be convicted and sentenced for each
     sexual penetration.
        3. Defendant's contention that he is entitled to resentencing
     on his first-degree criminal sexual conduct convictions because
     a sentencing information report was not prepared for those
     convictions is rejected. The sentencing guidelines allow the
     sentencing court to prepare a sentencing information report for

REFERENCES
Am Jur 2d, Criminal Law §§ 277, 527.

Am Jur 2d, Rape §§ 3, 32.

Multiple instances of forcible intercourse involving same defendant
     and same victim as constituting multiple crimes of rape. 81
     ALR3d 1228.

What constitutes penetration in prosecution for rape or statutory
     rape. 76 ALR3d 163.

· Conviction or acquittal of one offense, in court having no jurisdic-
     tion to try offense arising out of same set of facts, later charged
     in another court, as putting accused in jeopardy of latter offense.
     4 ALR3d 874.

either the kidnapping conviction or the first-degree criminal sexual conduct convictions. Furthermore, no objection was made by defense counsel at sentencing. No abuse of discretion has been shown.

Affirmed.

1. RAPE — SEXUAL PENETRATION — SEPARATE OFFENSES — DOUBLE JEOPARDY.

The Legislature intended in enacting the first-degree criminal sexual conduct statute to authorize separate punishment for each completed sexual penetration occurring during a sexual assault; thus a defendant's convictions and sentences for five acts of penetration during a sexual assault are not for the same offense and no double jeopardy violation arises from trying and convicting defendant on each separate act of penetration (US Const, Am V; Const 1963, art 1, § 15; MCL 750.520b; MSA 28.788[2]).

2. CRIMINAL LAW — SENTENCING — INFORMATION REPORTS.

A sentencing information report must be prepared for the conviction which carries the highest statutory maximum where a single offender is sentenced for multiple convictions; where convictions on two separate offenses carry the same maximum sentence, the report may be prepared on either conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant pled guilty as charged to kidnapping, MCL 750.349; MSA 28.581, five counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and possession of a firearm during the commission of a felony, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

750.227b; MSA 28.424(2), pursuant to a sentence agreement with the prosecutor. Under the terms of the agreement, defendant would enter a guilty plea to all seven counts in exchange for the prosecutor's recommendation of a 10- to 20-year sentence for each of the first-degree criminal sexual conduct and kidnapping counts. On October 30, 1984, defendant was sentenced to prison for 2 years on the felony firearm charge, and to concurrent terms of imprisonment of from 10 to 20 years on the remaining counts, which would be served consecutively to the felony firearm sentence. Defendant appeals as of right.

Defendant first claims that his kidnapping conviction must be set aside because an inadequate factual basis exists in the record for the asportation element. GCR 1963, 785.7(3)(a) requires the trial court to establish support for a finding of guilt by questioning the defendant in order to insure that the defendant's plea is accurate. Defendant has failed to preserve the issue for appellate review, however, by failing to file a motion to withdraw his plea in the lower court. GCR 1963, 785.7(7)(a), now MCR 6.101(F)(7)(a). If defendant had filed such a motion alleging this defect, the trial court would have had an opportunity to correct the error by supplementing the record and then giving defendant the option of affirming the plea and sentence on the kidnap count or withdrawing the plea. GCR 1963, 785.7(7)(b), now MCR 6.101(F)(7)(b).

Defendant next contends that his plea convictions on the five counts of first-degree criminal sexual conduct result in multiple punishments for a single offense, contrary to the double jeopardy clauses of the Michigan Constitution, Const 1963, art 1, § 15, and the United States Constitution, US Const, Am V. Defendant contends that the analy-

sis employed in *People v Johnson,* 406 Mich 320; 279 NW2d 534 (1979), is equally applicable to this case. He argues that the mere fact that penetration can be established through more than one of the many alternatives enumerated in the statutory definition of "sexual penetration" does not establish that more than one offense occurred. Defendant draws an analogy between first-degree criminal sexual conduct and armed robbery, relying upon *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983). Defendant has admitted assaulting the complainant in five separate penetrations (one vaginal, two oral, and two anal). Defendant argues that by allowing punishment for each separate penetration, a prosecutor may turn one offense into several offenses.

Defendant's "unit of prosecution" argument requires us to determine whether the Legislature intended to authorize punishment for each sexual penetration or for one sexual assault regardless of the number of sexual penetrations. *People v Robideau,* 419 Mich 458, 469; 355 NW2d 592 (1984); *People v Wakeford, supra,* pp 107-108; *People v Johnson, supra,* pp 327-330. Legislative intent may be determined by the language of the statute defining criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), which provides:

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:"

Sexual penetration is defined by MCL 750.520a; MSA 28.788(1) as:

" 'Sexual penetration' means sexual intercourse, cun-

nilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required."

From the face of the statute, it appears that the gravamen of first-degree criminal sexual conduct is sexual penetration accomplished under any of the enumerated circumstances. *People v Johnson, supra,* p 330.

In light of the language and focus of the statute, we believe the Legislature intended to punish separately each criminal sexual penetration. Accord, *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), *rev'd in part* 406 Mich 1020; 281 NW2d 134 (1979) (defendant's convictions on two counts of first-degree criminal sexual conduct based upon two penetrations, vaginal and oral, occurring as part of a continuous sexual assault, do not violate the constitutional prohibition against being twice put in jeopardy for the same offense). The offense of first-degree criminal sexual conduct has been completed after sexual penetration has occurred by any one of the enumerated circumstances. From the language of the statute, it appears that the Legislature intended to authorize separate punishment for each completed sexual penetration. We conclude that defendant's sentences for five acts of penetration are not for the "same offense" and therefore no double jeopardy violation is shown. See, also, *People v Rogers,* 142 Mich App. 88, 92; 368 NW2d 900 (1985). Compare *People v Morton,* 423 Mich 650; 377 NW2d 798 (1985).

We reject defendant's argument that the analysis applied in *People v Johnson, supra,* applies and controls here. The issue considered by the *Johnson* Court, whether a single penetration accompanied

by more than one of the aggravating factors enumerated in MCL 750.520b; MSA 28.788(2) could support conviction for more than one count of first-degree criminal sexual conduct, differs from the issue raised by this case. It is not the number of aggravating circumstances which gives rise to the double jeopardy claim here, but it is the number of the acts of sexual penetration that have occurred.

We also reject defendant's analogy to the offense of armed robbery. The language of the armed robbery statute, MCL 750.529; MSA 28.797, repeatedly refers to the robbery victim in the singular, thus leading the *Wakeford* Court to determine that the purpose of the statute is the protection of persons. *People v Wakeford, supra,* p 111. The *Wakeford* Court ultimately concluded that the proper "unit of prosecution" for armed robbery is the number of individuals assaulted and robbed without regard to the number of items taken from each. In contrast, the terms of the first-degree criminal sexual conduct statute center on sexual penetration. Although the statute's general purpose may be the protection of persons, its specific purpose is to protect them from criminal sexual penetration.

Finally, we note that the general principles articulated in *People v Robideau, supra,* p 487, do not affect our analysis here since those principles apply in cases where multiple statutes prohibit violations of the same social norm such that it can be concluded that the Legislature did not intend multiple punishments. In contrast, this case involves multiple punishment under one statute for multiple acts of sexual penetration.

Defendant claims that he is entitled to resentencing on his first-degree criminal sexual conduct

convictions because a sentencing information report was not prepared for those convictions. Defendant contends that the absence of a sentencing information report resulted in a failure of the sentencing court to properly exercise its discretion.

Where a single offender is sentenced for multiple convictions, the Sentencing Guidelines Manual states that a sentencing information report must be prepared for the conviction which carries "the highest statutory maximum". Sentencing Guidelines Manual, Tab 1, Instructions, I, A, II. The statutory maximum for kidnapping is life or a term of years, which is the same statutory maximum authorized for first-degree criminal sexual conduct. Thus, the guidelines would allow the sentencing court to prepare a sentencing information report for either the kidnapping conviction or the first-degree criminal sexual conduct convictions.

Further, the record shows that the trial court imposed sentence for defendant's multiple convictions "based on the gravity of the offenses and the Sentencing Guidelines". Although no sentencing information report for the first-degree criminal sexual conduct convictions was filed, the trial court could well have calculated the appropriate sentence range on its own. Further, we note that no objection was made below by defense counsel. We conclude that no abuse of discretion has been shown.

Defendant's convictions and sentences are affirmed.