NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0683n.06
Filed: September 8, 2006

No. 04-1779

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT


EDDIE L. DILLARD,

            **Petitioner-Appellant,**

v.


SHERRY BURT,

            **Respondent-Appellee.**

_____

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN


**OPINION**


**Before: CLAY and COOK, Circuit Judges; and RICE,\* Senior District Judge.**

    **WALTER HERBERT RICE, Senior District Judge.**

    Eddie L. Dillard ("Dillard") appeals from the judgment of the United States District Court

for the Eastern District of Michigan, which dismissed his pro se petition for a writ of habeas

_____

    \*The Honorable Walter H. Rice, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

corpus. For reasons which follow, we conclude that Dillard was improvidently granted a certificate of appealability. Therefore, we dismiss this appeal.

## I.

After a jury trial in Michigan state court, Dillard was convicted on January 22, 1997, of three counts of first degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b.[1] Those three charges arose out of a single course of conduct by Dillard with the same victim, which occurred over a period of about 20 minutes. On February 4, 1997, the trial court sentenced Dillard on the three counts of first degree criminal sexual conduct and on a fourth count of being a habitual offender, under Mich. Comp. Laws § 769.12, to four concurrent terms of 25 to 50 years of incarceration. Dillard appealed his convictions to the Michigan Court of Appeals, which affirmed them on December 28, 1999. On June 26, 2000, the Michigan Supreme Court denied Dillard's pro se application for leave to appeal, without addressing its merits.[2]

Acting pro se, Dillard initiated this litigation on March 4, 2003, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[3] J.A. at 6-11. Therein, Dillard checked a box,

---

[1]Each of the three counts charged Dillard with committing a separate act of penetration. Section 750.520b provides that a person is guilty of criminal sexual conduct in the first degree when he engages in sexual penetration with an individual under certain circumstances, such as when the individual is under the age of 13 or 13 to 16 years of age and a member of the same household as the perpetrator.

[2]While his appeal was proceeding, Dillard sought relief from judgment under Mich Ct. R. 6.500-508. The trial court denied relief, and the Michigan appellate court denied his application for leave to appeal.

[3]Dillard actually filed his pro se petition on a form reserved for prisoners in federal custody, seeking relief under 28 U.S.C. § 2255. It is not questioned, however, that Dillard is in state custody and that he is seeking relief under § 2254.

indicating that his conviction had been obtained in violation of the protection against double jeopardy, and set forth four grounds for relief:

> Ground One: Multiplicitous, improperly fractionaliz[ing] a single cause (sic) of conduct into three counts.

> Ground Two: Denied effective assistance of counsel where jeopardy attached once sworn by jury (sic).

> Ground Three: The court was in err[or] to proceed [on] a multi-count complaint.

> Ground 4: Counsel's failure to object to wearing jail garb during jury selection, trial and sentencing.

*Id*. at 9-10.[4]

The District Court referred this matter to a Magistrate Judge for a report and recommendations. In his report and recommendations, that judicial officer condensed two of Dillard's grounds into one, thus indicating that Dillard had three claims, which were described as follows, to wit: that his convictions for three separate counts of first degree sexual conduct, arising out of the same continuous course of conduct, were multiplicitous and violated his rights under the Double Jeopardy Clause of the Fifth Amendment (First and Third Grounds); that he was denied effective assistance of counsel by the failure of trial counsel to raise those issues (Second Ground); and that he was denied effective assistance of counsel stemming from the failure of his trial counsel to object to his appearance in jail clothing (Fourth Ground). *Id*. at 14, 17-18. Addressing the merits of Dillard's claims, the Magistrate Judge recommended that the District Court hold that those claims were without merit. *Id*. at 24. The District Court accepted

---

[4]Each of those grounds for relief was supported by a statement of facts.

the report and recommendations of the Magistrate Judge and dismissed Dillard's petition. *Id*. at 26-31.

After Dillard had appealed, a single judge of this court granted him a certificate of appealability on December 9, 2004, permitting him to raise the following issues, to wit:

> (1) whether the use of three convictions for first degree sexual conduct to establish habitual offender status violates the Double Jeopardy Clause where the three convictions arose out of a single course of conduct;

> (2) whether the facts described in the first issue also violate the Due Process Clause; and

> (3) whether Dillard's counsel was ineffective because counsel did not raise the double jeopardy and due process issues.

On December 28, 2004, this court appointed counsel to represent Dillard.

## II.

Noting that Dillard did not question his habitual offender status in his petition for a writ of habeas corpus, and that the neither the District Court nor the Magistrate Judge addressed that status, the respondent argues that Dillard was improvidently granted a certificate of appealability and that, therefore, we are without jurisdiction over this matter. Although we cannot concur with respondent that an improvidently granted certificate of appealability deprives us of jurisdiction, we do agree that the certificate of appealability was improvidently granted herein. Accordingly, we vacate the grant of the certificate of appealability and dismiss this appeal.

Under *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001), it cannot be questioned that we retain jurisdiction over this matter, even if the certificate of appealability was improvidently granted. Therein, the District Court dismissed a number of the grounds for habeas relief put forward by the petitioner, concluding that they had been procedurally defaulted. In granting the

petitioner's request for a certificate of appealability on those procedurally defaulted grounds, the District Court did not engage in the two-step analysis required by *Slack v. McDaniel*, 529 U.S. 473 (2000).[5] That, in turn, caused the respondent to file a motion requesting that this court dismiss those claims. In vacating and remanding the certificate of appealability for the two-step review required by *Slack*, we concluded that a certificate of appealability, even if improvidently granted, vested jurisdiction in this court, although we retained the authority to review such a certificate, writing:

> Before proceeding, we must first decide whether this court should review challenges to the grant of a certificate of appealability or simply decide the certified claims on their merits. As the Court of Appeals for the Seventh Circuit has noted, a certificate of appealability, even if improvidently granted, vests jurisdiction in the court of appeals. *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir.2000). Under normal circumstances, considerations of judicial economy will discourage review of certificates of appealability: the district court will have already invested substantial time in the certification process; the parties may have already briefed the merits of the claims; and review by this court would not only duplicate the district court's efforts, [but] in capital cases such as the case sub judice, it will further delay an already lengthy process. In this case, however, none of these reasons is present. The parties have not submitted merits briefs to this court and the district court has not engaged in any individualized assessment of whether, pursuant to *Slack*, "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack [v. McDaniel*, 529 U.S. 473, 484 (2000)]. Under these circumstances, we believe a review of the district court's decision is appropriate, if only to provide guidance to district courts faced with the task of certifying claims for appeal.

258 F.3d at 485.

---

[5]In Slack, the Supreme Court indicated that, when a District Court has rejected a request for habeas corpus relief on procedural grounds without reaching the merits of the constitutional claim, a certificate of appealability can be granted only if the petitioner has shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. 529 U.S. at 484.

Herein, even though the parties have filed their merit briefs, we conclude that a review of the grant of the certificate of appealability is appropriate under the unique circumstances presented by this appeal. In *Slack*, the Supreme Court held that, in order for a habeas corpus petitioner who has been denied relief on the merits to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. The three constitutional claims for which the certificate of appealability was granted all assume that the sentence imposed upon Dillard was predicated upon his status as a habitual offender and that this status was based upon his three convictions for first degree sexual conduct. Since neither of those assumptions is supported by the record, reasonable jurists would not find those constitutional claims debatable.[6]

The Michigan state court which sentenced Dillard did not indicate that he was being sentenced to the 25 to 50 year term of incarceration because it had found him to be a habitual offender. On the contrary, the sentencing court stated that it was sentencing Dillard to such a term of incarceration for each of the three counts of first degree sexual contact and added that the sentence on the habitual offender count was identical, with the sentences to be served concurrently. J.A. at 366-67. Moreover, there is simply no indication that Dillard was sentenced as a habitual offender as a result of his having been convicted of three counts of first degree sexual conduct. The Michigan habitual offender statute, Mich. Comp. Laws § 769.12, provides that one who is convicted of a felony in Michigan, after having been convicted of three prior felonies or attempts to commit felonies, may be sentenced to a term of imprisonment for life or to

_____

[6]It is not possible to state that anyone would find the District Court's assessment of those claims debatable or wrong, given that it did not address them, because Dillard had not set them forth in his petition for a writ of habeas corpus.

a lesser term of imprisonment. The sentencing court noted that Dillard had seven prior felony convictions. *Id*. at 353. That court did not remotely suggest that it was considering one or more or all of Dillard's convictions for first degree sexual conduct in order to sentence him to what it termed as a fourth count of habitual offender. As a consequence, we are compelled to conclude that the record would not support relief on any of the claims for which Dillard was granted a certificate of appealability. Accordingly, we revisit the decision to grant same, and hold that it was improvidently granted. Thus, the previously granted certificate of appealability is vacated.[7]

In addition, our normal practice is to refuse to review claims, like the three claims for which Dillard was granted a certificate of appealability, which were not presented to the District Court. In *Kusens v. Pascal Co., Inc.*, 448 F.3d 349 (6th Cir. 2006), this court explained:

> It is well-settled that issues not presented to the district court but raised for the first time on appeal are not properly before this Court. *See J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir.1991); *Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 1064 (6th Cir.1986). *See also*, *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir.2006) ("[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal.") As we explained in *Armstrong*, this Court's "function is to review the case presented to the district court, rather than a better case fashioned after a[n] ... unfavorable order." *Id*. (citations omitted).

Id. at 368. This rule is, of course, a "prudential rule, not a jurisdictional one." *United States v. Martin*, 438 621, 627 (6th Cir. 2006). Given that the record would not support relief to Dillard under any of the issues for which the certificate of appealability was granted, there would be no

---

[7]It bears noting that Dillard's appointed counsel have defined one of their arguments as "assuming that the Michigan court used the three convictions for first degree criminal sexual conduct to establish Mr. Dillard's habitual offender status, the sentences on the three counts violated double jeopardy." *See* Appellant's Brief at 14. Indeed, Dillard's appointed counsel have expressly declined to address the third issue upon which he was granted a certificate of appealability, indicating that there is an insufficient basis in the record for addressing that issue. *Id*. at 5 n. 2.

reason for us to exercise our discretion to consider those issues which were not raised below. Therefore, if we did not conclude that the certificate of appealability had been improvidently granted, we would refuse to address those issues because they were not presented to the court below.

III.

In sum, this appeal presents a unique set of circumstances. A single judge of this Court granted the petitioner a certificate of appealability allowing him to appeal three constitutional claims which he had not set forth in his petition. Accordingly, the District Court had not addressed those claims. Moreover, the record does not support the assumptions upon which those issues are based. Under those unique circumstances, we believe that it is appropriate to exercise the discretion invested in us by *Porterfield* and to revisit the grant of the certificate of appealability. Based upon the foregoing, this court concludes that the certificate of appealability was improvidently granted, given that reasonable jurists would not find the constitutional claims set forth therein to be debatable. Therefore, we vacate the grant of same and dismiss this appeal.

**CLAY, Circuit Judge, dissenting**.  The entire premise of the majority opinion in this case is incorrect.  Rather than holding that the certificate of appealability ("COA") was improvidently granted,  the majority should have simply affirmed the district court's denial of Petitioner's habeas petition on the merits.  Instead, the majority inappropriately holds that the certificate of appealability was improvidently granted on the grounds that Petitioner did not  raise the habitual offender status argument in the district court, and because the majority concludes that reasonable jurists could not find Petitioner's constitutional claims debatable.  Both of these conclusions are without merit.

Although he is represented by counsel here on appeal, Petitioner's original habeas petition to the district court was filed *pro se*, and it is the law of this Circuit that "the allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "the appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief."  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citations and quotations omitted).   In his *pro se* habeas petition before the district court, Petitioner stated his claim as an appeal from, *inter alia*, "improper conviction on three counts of [first degree criminal sexual conduct] arising from a single, continuous course of conduct."  (J.A. at 14.)  The magistrate judge, consistent with this Court's holding in *Rose*, liberally construed Petitioner's claim, and surmised that Petitioner was arguing that "the information charging him was multiplicitous, and that his convictions violate his right to be free from double jeopardy."  (J.A. at 18.) A panel of this Court subsequently granted Petitioner a COA concerning the following issues: (1) whether the use of three convictions for first degree criminal sexual conduct to establish habitual offender status implicates the double jeopardy

- 9 -

clause where the three convictions arose from a single course of conduct; (2) whether the facts described in the first issue also violate the Due Process Clause; and (3) whether Petitioner's counsel was ineffective for not raising these issues.

While the majority is correct that Petitioner never specifically raised the habitual offender status argument in his double jeopardy claim before the district court, the COA as granted was appropriate as a liberal construction of Petitioner's original *pro se* claims. But even if the COA was overbroad in interpreting Petitioner's arguments to raise the habitual offender argument, it was still appropriate as to Petitioner's double jeopardy claim generally, since that issue had clearly been raised in Petitioner's habeas petition before the district court. Therefore, the majority's conclusion that the COA was improvidently granted on this ground is erroneous and not supported by the record.

The majority also argues that reasonable jurists could not find Petitioner's constitutional claims debatable. Again, I must disagree. In order to be granted a certificate of appealability, a petitioner must show that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). When deciding what constitutes a requisite showing, the controlling standard is that a "petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Notably, however, we have held that a certificate of

appealability "does not require a showing that the appeal will succeed," and further that this Court "should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Id*. at 337. We have further recognized that "[i]t is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id*.

The majority incorrectly states that "[t]he three constitutional claims for which the certificate of appealability was granted all assume that the sentence imposed upon Dillard was predicated upon his status as a habitual offender and that this status was based upon his three convictions for first degree sexual conduct." According to the majority, since there is no factual or legal basis for Petitioner's habitual offender argument, then the COA should not have been granted. The majority ignores the fact, however, that Petitioner has another related, but separate argument, in which he alleges that he was convicted and sentenced three times for one criminal act, and that these convictions implicated his right to be free from double jeopardy and violated his right to due process. Accordingly, even if Petitioner's habitual offender status argument is not well taken, Petitioner may still have had viable and debatable constitutional claims that should have been considered by this panel. While Petitioner's arguments may or may not be winning arguments, the legal standard is not that habeas petitioners are entitled to COAs only upon proving that they are entitled to relief, but rather that reasonable jurists must find the matter to be debatable.

Furthermore, as properly noted by the majority, judicial economy discourages review of certificates of appealability. *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001). A judge of this Court, upon review of the district court's denial of Petitioner's application for a COA, found

that Petitioner should be allowed to proceed with his claims. While the judges sitting on this panel may not believe that Petitioner would prevail on his claims, there is nothing before us on appeal that warrants revisiting the issue anew, and overturning the decision of the judge who granted the COA.

Having concluded that the majority incorrectly decided this case by finding that the COA was improvidently granted, I now turn, as I believe the majority should have done, to a discussion of the merits of Petitioner's arguments. While I disagree with the majority's holding and reasoning, I do agree that Petitioner should not prevail on his claims.

Petitioner was designated by the trial judge as a habitual offender, not, as he claims, on the basis of the three sexual assault convictions that form the basis of this appeal, but rather on the basis of his seven prior felonies. The Michigan habitual offender statute entitled "Subsequent felony of persons convicted of three or more felonies," allows for a sentencing enhancement upon a fourth conviction where the individual has previously been convicted of three felonies. *See* Mich. Comp. Laws **§** 769.12. Since Petitioner had three or more prior felonies, he was properly sentenced as a habitual offender.

Petitioner's application must also fail as to his second double jeopardy claim that he was improperly convicted of three counts of first degree criminal sexual assault for one criminal act. In interpreting the Michigan criminal sexual conduct statute[1], the Michigan courts have

---

[1]The Michigan Criminal Sexual Assault statute, M.C.L. § 750.520b provides,

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exist . . . (b) The other person is at least 13 years but less than 16 years of age and the actor is a member of the same household as the victim, the actor is related to the victim by blood or affinity to the fourth degree to the victim,

- 12 -

repeatedly held that the Michigan Legislature did intend to authorize separate punishment for each separate act of penetration. *See   People v. Wilson*, 493 N.W. 2d 471, 473 (Mich. Ct. App. 1992) (holding that the defendant's "convictions for two acts of penetration that occurred at the same time are not for the 'same offense' and therefore no double jeopardy violation is shown."); *People v. Dowdy*, 348 N.W.2d 820 (Mich.Ct.App. 1986) (holding that the defendant's convictions and sentence for five separate penetrations against the same victim during the same encounter were not for the "same offense," and therefore no double jeopardy violation was shown).

The jury convicted Petitioner of three separate counts of first degree criminal sexual assault where the evidence at trial showed that Petitioner sexually penetrated the victim three separate times: once with his finger, once his tongue and once with his penis.  The Michigan courts have clearly taken the position that the legislature did intend to authorize separate punishment for each completed act of sexual penetration.  Under Michigan law, the offense of criminal sexual assault is completed after sexual penetration has occurred by any one of the enumerated circumstances.  *Dowdy*, 384 N.W.2d at 521.  Since the jury concluded that sexual penetration occurred three times under the three enumerated circumstances, Petitioner was properly convicted and sentenced for three counts of first degree criminal sexual assault, and there was no double jeopardy violation.[2]

_____

or the actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

[2]According to the Supreme Court, the Due Process Clause of the Fourteenth Amendment "would presumably prohibit state courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by law." *Whalen v. United States*, 445 U.S. 684 (1980).  Petitioner's due process claim should fail for the same reasons that his double jeopardy claim failed.  Petitioner was properly sentenced pursuant to Michigan law for

In conclusion, I would not disturb the certificate of appealability, but I would affirm the district court's denial of Petitioner's habeas petition.

---

his three CSC-I convictions.