*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS JAMES GUTHRIE,

Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 341269
Alpena Circuit Court
LC No. 16-007336-FC

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

CAMERON, P.J. (*concurring*)

I agree with our unanimous conclusion that Guthrie's conviction of first-degree criminal sexual conduct (CSC-I) must be affirmed. I write separately to further explain why a second CSC-I conviction is precluded under well-established double jeopardy principles.

A defendant can be charged and convicted for multiple penetrations occurring during a single sexual assault. See *People v Dowdy*, 148 Mich App 517; 384 NW2d 820 (1986) ("From the language of the statute, it appears that the Legislature intended to authorize separate punishment for each completed sexual penetration."); see also *People v Matuszak*, 263 Mich App 42, 50; 687 NW2d 342 (2004). However, our Supreme Court has been clear that a single act of sexual penetration cannot result in multiple convictions under MCL 750.520b, even when supported by more than one aggravating circumstance enumerated in the statute. See *People v Johnson*, 406 Mich 320, 331; 279 NW2d 534 (1979). Thus, for CSC offenses like those charged in this case, where multiple acts of penetration are alleged by a victim, double jeopardy concerns are easily avoided by the prosecution charging distinct acts of penetrations in separate charges.

The prosecution in this case created the potential for a double jeopardy issue with the language it used in its felony complaint. The prosecution charged defendant with two counts of CSC-I in connection with this victim, but the criminal acts used to support both counts were identical. Specifically, both counts alleged that "Thomas James Guthrie did engage in sexual penetration to-wit: *Penis / Mouth and/or Penis / Anus with* [*the victim*] . . . ." (Emphasis added.) In fact, the only difference in the charging language is not the criminal act of penetration, but rather whether the assault was accomplished during one of two different aggravating

-1-

circumstances: either during a felony or during force. Unless this issue was remedied by an amendment to the complaint or by an agreed-upon, well-crafted jury instruction, the jury could, and in this case did, convict defendant twice for the same act.

Framing the criminal acts in the alternative does not overcome the double jeopardy problem in this case. In the complaint, the prosecution alleged in both counts that defendant's criminal act involved oral "and/or" anal penetration. The CSC-I standard jury instruction,[1] however, requires a clear description of the acts of penetration in order to assist the jury and avoid unnecessary confusion.[2] At the conclusion of trial, the jury was given an agreed-upon instruction that specified that the criminal act in both CSC-I counts was defendant's penis penetrating either the victim's mouth or the victim's anus. The use of the same acts for both charges, even in the alternative, makes it impossible for this court to determine whether the jury convicted defendant twice for the same act. Stated differently, it seems clear to me that the jury's two CSC-I guilty verdicts can, in light of the instructions given to the jury, be supported in only one of three ways: the jury found defendant guilty twice of the same forced act of sodomy, or the jury found defendant guilty twice of the same act of forcing the victim to perform fellatio, or the jury found defendant guilty of sodomy in one count and fellatio in the other. We cannot speculate as to which of the three options the jury found when rendering its guilty verdict. Therefore, based on the charges at issue, a single act of penetration was used to convict defendant of two counts of CSC-I in violation of his right against double jeopardy.

/s/ Thomas C. Cameron

---

[1] See M Crim JI 20.1.

[2] Because Michigan uses notice pleadings, the charging document was not required to specify whether the prosecution was proceeding under the theory that the criminal act was defendant's penetration of the victim or the victim's forced penetration of defendant. The standard jury instruction requires, and the prosecution agreed, to provide the trier of fact with greater specificity.