**STATE of Minnesota, Respondent,**

v.

**Arnulfo Luis PONTE–ALFONZO,
Appellant.**

No. C8–83–83.

Supreme Court of Minnesota.

May 18, 1984.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree and one count of assault with a dangerous weapon, Minn. Stat. §§ 609.342(c, d) and 609.222 (1982). The trial court sentenced defendant to 43 months in prison for the first of the two counts of criminal sexual conduct in the first degree, the one based on subsection (c), involving fear of imminent great bodily harm, rather than on the second count, based on subsection (d), involving use or threatened use of a dangerous weapon or an object looking like a dangerous weapon. On this appeal from judgment of conviction defendant seeks (1) outright reversal of all three convictions on the ground that the evidence of his guilt was legally insufficient, (2) a new trial on the ground that the trial court erred in admitting his statement to police, or (3) vacation of one of his sex convictions pursuant to section 609.04, which forbids convicting a defendant of the same offense twice on the basis of the same act. We hold that the evidence was sufficient and that defendant received a fair trial but, pursuant to section 609.04, we vacate defendant's conviction of criminal sexual conduct in the first degree based on subsection (d).

1. Defendant's contention that the evidence of his guilt was legally insufficient is meritless.

2. Defendant's second contention is that the trial court erred in refusing to suppress the statement that defendant gave to the police after he was arrested. In that statement defendant denied having been with and having sexually penetrated the victim, whereas in his testimony he admitted that penetration occurred but claimed it was consensual. He argues that the trial court should have suppressed his statement on the ground that the state failed to prove at the omnibus hearing that the police told him the nature of the offense about which they wanted to question him. Defendant argues that without such information, his waiver was not knowing, intelligent, and voluntary.

It seems clear to us that the police have no duty, as part of the *Miranda* warning, to inform a suspect of the crime about which they are questioning him. *Miranda v. Arizona*, 384 U.S. 436, 467–479, 86 S.Ct. 1602, 1624–1630, 16 L.Ed.2d 694 (1966). The suspect's ignorance of the exact subject of the interrogation, however, is a factor that a court should consider in evaluating the totality of the circumstances bearing on whether the suspect's waiver was knowing, intelligent, and voluntary. *Carter v. Garrison*, 656 F.2d 68 (4th Cir. 1981), *cert. denied*, 455 U.S. 952, 102 S.Ct. 1458, 71 L.Ed.2d 668 (1982).

In this case the defendant did not raise the issue specifically at the omnibus

hearing. When the trial court asked defense counsel if he wished to make a motion, defense counsel stated simply, "Defense would not be calling a witness, Your Honor. We will move to exclude the conversation from the record at this point." In *State v. Linder*, 268 N.W.2d 734, 735 (Minn.1978), we stated, "[I]f the prosecutor shows that the [*Miranda*] warning was given and that the defendant stated he understood his rights and then gave a statement, the state will be deemed to have met its burden of proof, unless there is other evidence indicating that there was no knowing, intelligent, and voluntary waiver." Here there was no other evidence indicating that defendant's waiver was not knowing, intelligent, and voluntary, and defense counsel did not raise the issue that defendant raises on appeal. Notwithstanding this, there is some indication both in the omnibus hearing testimony and the trial testimony of the interrogating officer that defendant was told and knew why he was being questioned. In summary, it is clear that defendant is not entitled to any relief on this ground.

█ 3. Defendant's final contention is that one of his two sex convictions should be vacated pursuant to section 609.04, which forbids convicting a defendant of the same offense—or of two different subsections of the same statute or of a greater and necessarily included lesser offense—on the basis of the same act. *State v. Tenhoff*, 322 N.W.2d 354 (Minn.1982); *State v. Koonsman*, 281 N.W.2d 487 (Minn.1979). The state concedes that defendant was adjudicated guilty of both sex offenses, that they both were based on the same course of conduct, and that one of the two must be vacated. We vacate defendant's conviction of count II, based on subsection (d), involving use or threatened use of a dangerous weapon or an object looking like a dangerous weapon.

Affirmed as modified.