488 So.2d 589 (1986)
Elishas GEORGE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-964.
District Court of Appeal of Florida, Second District.
May 2, 1986.
*590 James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant appeals his judgment and sentence for burglary and two counts of sexual battery in violation of sections 794.011(4) and 794.011(5), Florida Statutes (1983). Appellant first contends that the trial court erred in denying his motion for judgment of acquittal on the charge of sexual battery by threat of force or violence likely to cause serious personal injury in violation of section 794.011(4). He also argues that it was error for the trial court to convict and sentence him for violations of both sections 794.011(4) and 794.011(5) when only one penetration occurred.
We find no merit in appellant's first issue on appeal. Appellant was charged with sexual battery by force or violence likely to cause serious personal injury in violation of section 794.011(4) and, also, sexual battery by force or violence not likely to cause serious personal injury in violation of section 794.011(5). We find that the state produced sufficient evidence to prove that appellant used force likely to cause serious personal injury in the commission of the rape. Therefore, the trial court was correct in denying appellant's motion for judgment of acquittal on the sexual battery by force and violence likely to cause serious personal injury charge.
Appellant's conviction and sentence for sexual battery in violation of section 794.011(5), however, cannot be sustained. It is clear that only one penetration occurred, and it was accomplished by appellant's acts and threats of violence likely to cause serious personal injury. In Houser v. State, 474 So.2d 1193 (Fla. 1985), our supreme court held, in regard to charges of vehicular homicide and DWI manslaughter, that there could be only one homicide conviction and sentence imposed for a single death. Quoting from Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) which, in turn, was construing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), our Supreme Court wrote:
"[t]he assumption underlying the Blockburger rule is that [the legislative body] ordinarily does not intend to punish the same offense under two different statutes." Ball v. United States, [___] U.S. [___], 105 S.Ct. 1668, 1672, 84 L.Ed.2d 740 (1985). This assumption should apply generally to statutory construction. While the legislature is free to punish the same crime under two or more statutes, it cannot be assumed that it ordinarily intends to do so.
Houser, 474 So.2d at 1196. That same rationale should be applied to sexual battery offenses where only one sexual battery occurs. Accordingly, appellant should not have been convicted and sentenced on the charge of sexual battery by force and violence not likely to cause serious personal injury in violation of section 794.011(5).
Thus, this case is reversed and remanded to the trial court to vacate appellant's sentence for sexual battery by force and violence not likely to cause serious personal injury. Appellant's convictions and sentences for burglary and sexual battery by force and violence likely to cause serious personal injury are affirmed.
SCHOONOVER and HALL, JJ., concur.