PER CURIAM.
Newman appeals multiple convictions and the sentences thereon. With one exception, we affirm the convictions. Certain aspects of the sentences are vacated.
Newman was charged with, and convicted of, the following offenses: Count I, burglary of a dwelling (assaulting a person therein with a firearm); Count II, robbery of Christopher Economides with a firearm; Count III, aggravated assault of Desbina Primanes with a firearm as a lesser included offense of robbery; Count IV, kidnapping of Christopher Economides with a firearm; Count V, kidnapping of Tina Econom-ides with a firearm; Count VI, kidnapping of George Economides with a firearm; Count VII, aggravated assault of Desbina Primanes with a firearm as a lesser included offense of kidnapping; and Count X, carrying a concealed firearm.
We agree with Newman’s contention that it was error to convict and sentence him twice for aggravated assault.[1] The jury found Newman guilty of the aggravated assault of Desbina Primanes as a lesser included offense of both robbery (Count III) and kidnapping (Count VII). The record demonstrates, however, that only one assault occurred. Consequently, there can be only one conviction and sentence for aggravated assault. See Houser v. State, 474 So.2d 1193 (Fla.1985) (there can be only one homicide conviction for a single death); George v. State, 488 So.2d 589 (Fla. 2d DCA 1986) (where only one penetration occurs there cannot be a conviction and sentence on each of two sexual battery charges). Therefore, we vacate the conviction and sentence for aggravated assault which is based on Count VII of the information.
Newman was sentenced to consecutive three-year mandatory minimum sentences on Counts I, II, IV, V and VI. All of those offenses arose from a single criminal episode. In such a case, consecutive mandatory minimum sentences are prohibited. Palmer v. State, 438 So.2d 1 (Fla. 1983). Therefore, the consecutive mandatory minimum sentences are vacated.
Affirmed in part, vacated in part.

. We find the contention directed toward Newman’s other convictions to be without merit.