593 A.2d 1060

Lloyd Eugene BIGGUS

v.

STATE of Maryland.

No. 41, Sept. Term, 1989.

Court of Appeals of Maryland.

Aug. 16, 1991.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), of Baltimore, for petitioner.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued Before MURPHY, C.J., ELDRIDGE, *COLE, RODOWSKY, McAULIFFE, **ADKINS, **BLACKWELL, JJ.

ELDRIDGE, Judge.

Maryland Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.), Art. 27, § 464B, creates the crime or crimes of "third degree sexual offense." The statute sets forth six different types of activities which constitute "third degree sexual offense." The same conduct of the defendant in this criminal case fell within two of the six types of activities proscribed by § 464B. The trial court, being of the view that each type of activity constituted a separate and distinct crime, imposed the maximum ten-year prison sentence under the statute for each type of activity and made the sentences consecutive, for a total of twenty years imprisonment for violation of § 464B.

The principal issue before us is whether the General Assembly in Art. 27, § 464B, intended to create a single offense which can be committed in different ways or, instead, intended to create several distinct offenses. If the statute creates only one offense, double jeopardy principles would require that the same acts of the defendant not be subject to multiple punishments under the statute. *See, e.g., Middleton v. State,* 318 Md. 749, 757, 760–761, 569 A.2d 1276, 1279–1281 (1990); *Randall Book Corp. v. State,* 316 Md. 315, 322–324, 558 A.2d 715, 719–720 (1989).

This case also presents the questions of whether the defendant's convictions for the common law offense of battery and the statutory offense of carrying a weapon openly with an intent to injure (Art. 27, § 36) merged, for

---

* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Adkins, J., and Blackwell, J., now retired, participated in the hearing and conference of this case while active members of this Court but did not participate in the decision and adoption of this opinion.

sentencing purposes, into the conviction or convictions under Art. 27, § 464B.

## I.

On February 7, 1987, the defendant Lloyd Eugene Biggus lured the victim, a thirteen-year-old boy whose nickname was "Bobby," to Biggus's apartment, claiming to need Bobby's help in clearing some boxes out of the apartment. The State's evidence showed that once Bobby was inside the apartment, Biggus displayed a "utility knife or a razor knife" to the victim and told him to take off his clothes or Biggus would "cut [him] up and put [him] in the trunk." The testimony at trial also indicated that Biggus displayed a hypodermic needle. The victim removed his clothing, and thereafter Biggus used his finger to penetrate the victim's anus.

Biggus momentarily left the victim alone in the bathroom where the sexual assault had occurred. The victim, in a state of complete undress, attempted to flee from the apartment. He was, however, prevented from leaving by Biggus, who "grabbed" the victim and "punched" him on the head in order to subdue him. At this point, Biggus's wife entered the room and told him to release the victim. Biggus complied, and the victim fled the apartment.

A criminal information containing eight counts was filed against Biggus in the Circuit Court for Frederick County. Count one charged "third degree sexual offense" in that Biggus "unlawfully did engage in sexual contact with" Bobby "by employing and displaying a dangerous and deadly weapon...." See Art. 27, § 464B(a)(1)(i). The second count also charged "third degree sexual offense" in that Biggus "unlawfully did engage in sexual contact with" Bobby, "a child under the age of fourteen (14) years, the defendant performing the contact [being] four (4) or more years older than the victim...." See Art. 27, § 464B(a)(3). Count three charged a fourth degree sexual offense in violation of Art. 27, § 464C; count four charged attempted

second degree sexual offense in violation of Art. 27, § 464A; count five charged attempted sodomy, and count six charged attempted unnatural and perverted sexual practices. Biggus was accused in count seven with a violation of Art. 27, § 36(a), which prohibits, *inter alia*, carrying a weapon openly with the intent unlawfully to injure another person. Common law battery was charged in count eight.[1]

Prior to the commencement of Biggus's trial, the State nol prossed counts five and six (attempted sodomy and attempted unnatural and perverted sexual practices). The defendant pled not guilty to the remaining counts and elected a jury trial. At the close of the State's case, the defendant's motion for judgment of acquittal was granted as to count four, charging an attempted second degree sexual offense. The jury returned verdicts of guilty on the remaining counts.

As previously indicated, the circuit court imposed two consecutive ten-year prison sentences for the convictions under the first two counts, each charging "third degree sexual offense." The circuit court merged the conviction on count three (fourth degree sexual offense) into the third degree sexual offense conviction on count one. Biggus was sentenced to a third consecutive ten year prison sentence for battery. For the conviction on the weapons charge, Biggus was sentenced to three years imprisonment, to run concurrently with the three ten-year consecutive sentences.

The Court of Special Appeals affirmed in an unreported opinion. Regarding the two convictions for third degree sexual offense, the intermediate appellate court agreed with the circuit court that each subsection of Art. 27, § 464B, sets forth a distinct and separately punishable offense, even though there is only a single incident of sexual contact.

---

1. Although the information does not indicate the precise basis for the charge of battery, it is clear from the trial transcript, and particularly the prosecuting attorney's closing argument, that the State's accusation of battery was based on the alleged digital anal penetration and not upon Biggus's later grabbing the victim and punching him in the head in order to prevent him from fleeing the apartment.

The Court of Special Appeals also rejected the defendant's arguments that the battery conviction and the conviction for carrying a weapon openly with intent to injure merged into a conviction for third degree sexual offense.

Thereafter, we granted the defendant's petition for a writ of certiorari. 316 Md. 425, 559 A.2d 375 (1989).

## II.

■ The statutory language and legislative history refute the view espoused by both courts below that Art. 27, § 464B, creates distinct and separately punishable offenses based on the same sexual contact.

The definition of a "third degree sexual offense" is set forth in subsection (a) of § 464B, and the penalty is set forth in subsection (b). Subsection (a) provides as follows:

"§ 464B. **Third degree sexual offense.**

"(a) *What Constitutes.*—A person is guilty of a sexual offense in the third degree if the person engages in sexual contact:

(1) With another person against the will and without the consent of the other person, and:

(i) Employs or displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon; or

(ii) Inflicts suffocation, strangulation, disfigurement or serious physical injury upon the other person or upon anyone else in the course of committing that offense; or

(iii) Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; or

(iv) Commits the offense aided and abetted by one or more other persons; or

(2) With another person who is mentally defective, mentally incapacitated, or physically helpless, and the person knows or should reasonably know the other per-

son is mentally defective, mentally incapacitated, or physically helpless; or

(3) With another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim."

The basic language of subsection (a), that one is guilty of *a* sexual offense in the third degree if he engages in sexual contact in the following ways, on its face appears to create a single offense. In the subsequent language setting forth the six different ways in which the sexual contact is unlawful, each of the six paragraphs beginning with (1)(i) and ending with (3) are separated by the word "or." This clearly indicates alternative ways in which the single offense can be committed. Moreover, the Legislature was certainly aware that there could be some overlap and that the same sexual contact could fall within two or more of the six paragraphs. For example, sexual contacts falling within (a)(1)(i) will also usually fall within (a)(1)(iii). Nevertheless, the Legislature employed language indicating that a single offense was being created.

■ This conclusion is reinforced by Art. 27, § 461C, prescribing the general form of the charging document for rape or a sexual offense. Section 461C states:

§ 461C. **General form of indictment, information or warrant for rape or sexual offense; bill of particulars.**

"(a) In any indictment, information, or warrant charging rape or a sexual offense, it shall be sufficient to use a form substantially to the following effect:

'That A–B on the ....... day of ........., 19...., in the County (City) aforesaid did unlawfully commit a rape or sexual offense upon C–D, in violation of Article 27, Section (here state section violated), of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State.'

(b) In any case in which this general form of indictment, information, or warrant is used to charge a rape or

a sexual offense, the defendant is entitled to a bill of particulars specifically setting forth the allegations against him."

The language of § 461C reflects the intent that the sections of the "Sexual Offenses" subtitle of Article 27 which define substantive offenses, namely §§ 462, 463, 464, 464A, 464B, and 464C, were each intended to define a single offense.[2] The statute equates "a rape" or "a sexual offense" with the section violated. The specific manner in which that section was violated, or the specific subsection, is obviously not contemplated as the offense. Instead, it is a detail to be supplied by the statutory right to a bill of particulars if a bill is requested by the defendant. *See State v. Mulkey,* 316 Md. 475, 481–482, 489, 560 A.2d 24, 27, 30–31 (1989).

The legislative history underlying the current "Sexual Offenses" subtitle of Art. 27 confirms that § 464B was intended to create a single offense. Former Maryland Senate President Steny H. Hoyer, now a member of the United States House of Representatives, chaired a Special Committee on Rape and Related Offenses. Maryland's consolidated sex offense statutory scheme, consisting of the "Sexual Offenses" subtitle of Article 27, was the product of this committee. In order to explain the workings of the new legislation, Senator Hoyer and others prepared a document entitled *New Rape and Sexual Offense Legislation,* dated July 1, 1976. The document contained definitions and charts which described the various provisions of the sexual offense legislation. The chart illustrating § 464B clearly shows that the different ways of violating the provision were intended to be alternative methods which result in the commission of only one offense, regardless of the fact that a certain act meets the requirements of more than one alternative method. *See Rape and Other Sexual Offense Law Reform in Maryland, 1976–1977,* 7 U.Balt.L.Rev. 151,

---

**2.** The offenses are as follows: first degree rape (§ 462), second degree rape (§ 463), first degree sexual offense (§ 464), second degree sexual offense (§ 464A), third degree sexual offense (§ 464B), and fourth degree sexual offense (§ 464C).

167–169 (1977) (charts prepared by the Hon. Steny Hoyer reprinted as an appendix).

Courts elsewhere, in construing statutes similar to Art. 27, § 464B, have reached similar conclusions. In *People v. Johnson*, 406 Mich. 320, 279 N.W.2d 534 (1979), the Supreme Court of Michigan addressed the issue of whether the legislature, in enacting the first-degree criminal sexual conduct statute, Mich.Comp.Laws § 750.520b, "intend[ed] that a single sexual penetration, accompanied by more than one of the statute's enumerated special circumstances, [would] result in multiple criminal charges for purposes of ... conviction and sentencing." 406 Mich. at 323, 279 N.W.2d at 535. The court found nothing in the language of the statute or in the legislative history to suggest that the legislature intended multiple convictions based on a single act of penetration. 406 Mich. at 330–331, 279 N.W.2d at 538. The court held that "[t]he fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in the statute may well ease the burden upon the prosecution in attaining a conviction under [the statute], but it may give rise to only one criminal charge for purposes of ... conviction, and sentencing." *Ibid.* *See also People v. Rogers*, 142 Mich. App. 88, 368 N.W.2d 900 (1985). Cases in other jurisdictions are to the same effect. *See, e.g., People v. Collins*, 54 Cal.2d 57, 59, 4 Cal.Rptr. 158, 160, 351 P.2d 326, 328 (1960); *People v. Craig*, 17 Cal.2d 453, 110 P.2d 403 (1941); *George v. State*, 488 So.2d 589 (Fla.App.1986); *State v. Ponte-Alfonzo*, 348 N.W.2d 734, 736 (Minn.1984); *State v. Smith*, 299 N.W.2d 504, 506 (Minn.1980).

Finally, in construing a statute dealing with a different type of criminal activity, but structured very much like Art. 27, § 464B, this Court has held that the statute creates a single offense which can be committed in alternative ways. *See Hagans v. State*, 316 Md. 429, 438, 559 A.2d 792, 796 (1989); *Rice v. State*, 311 Md. 116, 532 A.2d 1357 (1987); *Jones v. State*, 303 Md. 323, 326–327, 493 A.2d 1062, 1063–

1064 (1985), all dealing with the consolidated theft statute, Art. 27, § 342.

In the present case the defendant Biggus was found guilty of a single incident of unlawful sexual contact. Therefore, he was subject to a single maximum prison term of ten years for violating Art. 27, § 464B.

### III.

Unlike the issue dealt with in part II above, the question of whether separate sentences should have been imposed for a third degree sexual offense and for battery does not involve the examination of a statutory provision to determine whether a single offense or multiple offenses were created. Third degree sexual offense and battery are clearly distinct criminal offenses, even if based on the same act or acts. The former is entirely a creature of statute, Art. 27, § 464B. The latter is a common law offense which has not been addressed by statute.

Nevertheless, when the same act or acts of the defendant constitute different criminal offenses or different degrees of the same offense, Maryland common law principles will often require that one offense be merged into the other for sentencing purposes, so that separate sentences are not imposed for the same act or acts. The general matter of merger, and the standards for determining whether one offense should merge into another for purposes of sentencing, were extensively reviewed in *Williams v. State*, 323 Md. 312, 593 A.2d 671 (1991), just filed. *See also, e.g., Snowden v. State*, 321 Md. 612, 583 A.2d 1056 (1991); *Monoker v. State*, 321 Md. 214, 582 A.2d 525 (1990).

The usual standard for determining whether one offense merges into another, where convictions on both are based on the same act or acts, is the so-called "required evidence test." This test "focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former

351

merges into the latter." *State v. Jenkins*, 307 Md. 501, 517, 515 A.2d 465, 473 (1986). Under this test, it is clear that the battery conviction merged into the third degree sexual offense conviction, and that a separate sentence should not have been imposed for battery.

■ With respect to common law battery, " '[i]t is well settled that any unlawful force used against a person of another, no matter how slight, will constitute a battery.' " *Vogel v. State*, 315 Md. 458, 460–461 n. 3, 554 A.2d 1231, 1232 n. 3 (1989), quoting *Kellum v. State*, 223 Md. 80, 85, 162 A.2d 473, 476 (1960). *See Snowden v. State, supra,* 321 Md. at 617, 583 A.2d at 1059. In addition, "[a]lthough intent is an element of the crime of battery, the intent need only be for the touching itself; there is no requirement of intent to cause a specific injury." *State v. Duckett*, 306 Md. 503, 510, 510 A.2d 253, 257 (1986). Therefore, the intentional unlawful digital anal penetration of the victim by Biggus was a battery.

■ A third degree sexual offense under Art. 27, § 464B, also requires an unlawful touching. It requires a specific type of touching, namely a "sexual contact." Furthermore, it must be unlawful in one of the ways specified in § 464B. Thus, the offense under § 464B has additional elements which are not required for a battery. Nonetheless, the unlawful sexual contact required for a violation of § 464B constitutes a battery. Consequently, the elements of a battery are included within a third degree sexual offense, and there is a merger under the required evidence test.

■ Moreover, Maryland cases have consistently taken the position that, where a defendant is convicted of a sexual offense and a common law assault or battery, and the threat of force or force or sexual contact involved in the sexual offense is also the basis for the assault or battery conviction, the assault or battery merges into the sexual offense under the required evidence test. *See State v. Allewalt*, 308 Md. 89, 110, 517 A.2d 741, 752 (1986); *Brooks v. State*, 284 Md. 416, 422 n. 2, 397 A.2d 596, 599 n. 2 (1979);

*Green v. State,* 243 Md. 75, 80–81, 220 A.2d 131, 135 (1966); *Bane v. State,* 73 Md.App. 135, 140 n. 3, 533 A.2d 309, 311 n. 3 (1987).

As the conviction for third degree sexual offense and the conviction for battery were both based on the same incident of digital anal penetration,[3] and because the battery conviction merges into the sexual offense conviction under the required evidence test, Biggus's sentence for battery must be vacated.

## IV.

Biggus's final argument is that his conviction for carrying a dangerous weapon openly with intent to injure, in violation of Art. 27, § 36(a), should merge into his third degree sexual offense conviction under Art. 27, § 464B. He again relies upon the required evidence test, as well as upon the so-called "rule of lenity."

### A.

If Biggus's third degree sexual offense conviction had been based solely on count one, charging an unlawful sexual contact "by employing and displaying a dangerous and deadly weapon," and if he had been acquitted on count two, his merger argument would be persuasive. It would appear that, under the required evidence test, a § 36(a) conviction for wearing or carrying a dangerous or deadly weapon openly with the intent or purpose of unlawfully injuring any person would merge into a

---

**3.** *See* footnote 2, *supra.* If the charge and guilty verdict of battery had not been based on the digital anal penetration, but instead had been based on the later acts of grabbing the victim and punching him in the head in order to prevent his escape, separate convictions and sentences for a third degree sexual offense and for battery would have been permissible. *See* the discussion in *Snowden v. State,* 321 Md. 612, 620–623, 583 A.2d 1056, 1060–1062 (1991) (McAuliffe, J., concurring). On the other hand, if there had been ambiguity as to the basis for the battery conviction, it would have been resolved in favor of the defendant and, thus, in favor of a single sentence. *Snowden,* 321 Md. at 618–619, 583 A.2d at 1059–1060, and cases there cited.

§ 464B(a)(1)(i) sexual offense conviction. The relevant elements of the § 36(a) offense are: (1) wearing or carrying openly, (2) any dangerous or deadly weapon of any kind whatsoever, (3) with the intent or purpose of injuring any person in an unlawful manner.[4] All of these elements seem to be included in the § 464B(a)(1)(i) offense. Section 464B(a)(1)(i)'s requirement of employing or displaying a weapon embraces wearing openly or carrying openly a weapon.[5] The "dangerous or deadly weapon" element of § 464B(a)(1)(i) is essentially the same as the "dangerous or deadly weapon" element within the meaning of § 36(a).[6]

---

4. Art. 27, § 36(a) states in pertinent part as follows:

"(a) *In general.*—Every person who shall wear or carry any dirk knife, bowie knife, switchblade knife, star knife, sandclub, metal knuckles, razor, nunchaku, or any other dangerous or deadly weapon of any kind, whatsoever (penknives without switchblade and handguns, excepted) concealed upon or about his person, and every person who shall wear or carry any such weapon, chemical mace or tear gas device openly with the intent or purpose of injuring any person in any unlawful manner, shall be guilty of a misdemeanor, and upon conviction, shall be fined not more than $1,000 or be imprisoned in jail, or sentenced to the Maryland Department of Correction for not more than three years; and in case of conviction, if it shall appear from the evidence that such weapon was carried, concealed or openly, with the deliberate purpose of injuring the person or destroying the life of another, the court shall impose the highest sentence of imprisonment prescribed. * * *"

As the above-quoted language indicates, the statute also proscribes wearing or carrying a concealed weapon. Nevertheless, "[w]hen a multi-purpose criminal statute is involved, we refine [the required evidence test] by looking at the alternative elements relevant to the case at hand." *Nightingale v. State,* 312 Md. 699, 705, 542 A.2d 373, 376 (1988). *See also, e.g., Middleton v. State,* 318 Md. 749, 758, 569 A.2d 1276, 1280 (1990), *State v. Ferrell,* 313 Md. 291, 298, 545 A.2d 653, 656 (1988) ("when a common law offense or a criminal statute is multi-purpose, embracing different matters in the disjunctive, a court in applying the required evidence test must examine 'the alternative elements relevant to the case at hand'").

5. The Court of Special Appeals, however, in *Nance v. State,* 77 Md. App. 259, 266, 549 A.2d 1182, 1185 (1988), *cert. denied,* 314 Md. 629, 552 A.2d 894 (1989), seemed to reach a contrary conclusion.

6. There are specific exceptions to the weapons covered by § 36(a). In order to obtain a conviction under § 36(a), the State must establish that the dangerous or deadly weapon did not fall within the exception for penknives without switchblades or handguns. *See Washington v.*

Finally, the purpose of forcing the victim to engage in unlawful sexual contact, required by § 464B(a)(1)(i), is a purpose to injure within the meaning of § 36(a). The fact that the type of injury under § 464B(a)(1)(i) must be a nonconsensual sexual contact is simply an additional element associated with the § 464B(a)(1)(i) offense. The relevant elements of the § 36(a) offense are in substance included within the § 464B(a)(1)(i) offense, and, therefore, the former would merge into the latter under the required evidence test.

Biggus, however, was not convicted of a third degree sexual offense solely under § 464B(a)(1)(i). The jury, by its verdict on count two, also found Biggus guilty of a third degree sexual offense under § 464B(a)(3) which punishes a sexual contact with a victim under 14 years of age where the defendant is four or more years older than the victim. Under the required evidence test, the § 36(a) weapon offense clearly would not merge into a third degree sexual offense based on § 464(a)(3). Each has entirely distinct elements. Wearing or carrying openly a deadly or dangerous weapon, which is critical to the § 36(a) offense, is in no manner an element of a third degree sexual offense under § 464B(a)(3). Sexual contact and the prescribed age

---

State, 293 Md. 465, 474–475, 445 A.2d 684, 689 (1982); *Mackall v. State,* 283 Md. 100, 387 A.2d 762 (1978). Nevertheless, it is not necessary for the State in the charging document to charge that the weapon was not a penknife or handgun. *Hall v. State,* 302 Md. 806, 808–809, 490 A.2d 1287, 1288 (1985). The basic weapon element of § 36(a) is "any other dangerous or deadly weapon of any kind, whatsoever," and it is the same as the weapon element of § 464B(a)(1)(i). In light of this, we do not believe that the State's need to show that the weapon did not fall within two exceptions, or, in other words, the State's need to prove a negative, should be regarded as a distinct element of the § 36(a) offense for purposes of the required evidence test. The cases dealing with the elements of § 36(a) for purposes of merger have not treated the exceptions to the weapons coverage as a distinct element within the meaning of the required evidence test. *See Brooks v. State,* 284 Md. 416, 422–423, 397 A.2d 596, 599 (1979); *Nance v. State, supra; Walker v. State,* 53 Md.App. 171, 202–204, 452 A.2d 1234, 1251 (1982), *cert. denied,* 296 Md. 63 (1983).

factors, however, are the elements of the § 464B(a)(3) offense not present in the § 36(a) crime. As each has distinct elements, there would be no merger under the required evidence test.

As discussed in Part II of this opinion, although Art. 27, § 464B, creates a single crime of third degree sexual offense, the crime can be committed in different ways. The two ways relevant in this case, embodied in § 464B(a)(1)(i) and § 464B(a)(3), have alternative elements. Furthermore, as shown above, the § 36(a) weapon offense would, under the required evidence test, merge into a § 464B(a)(1)(i) third degree sexual offense but would not merge into a § 464B(a)(3) third degree sexual offense. Where a greater offense can be committed in alternative ways, and where a lesser offense would merge into the greater under one alternative but not under another alternative, the critical question becomes the basis for the conviction of the greater offense. In this case, since the jury clearly found that Biggus had committed a third degree sexual offense under § 464B(a)(3), and since the elements of the § 36(a) offense are not contained in the § 464B(a)(3) offense, there is no merger under the required evidence test. *See, e.g., State v. Frye,* 283 Md. 709, 393 A.2d 1372 (1978); *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977); *Walker v. State,* 53 Md.App. 171, 203–204, 452 A.2d 1234, 1251 (1982), *cert. denied,* 296 Md. 63 (1983) (applying the principles of the *Newton* case and stating that a § 36(a) conviction would not merge into a first degree rape conviction in light of the alternative bases for the rape conviction).

B.

Even though the § 36(a) weapon conviction does not merge into the § 464B third degree sexual offense conviction under the required evidence test, our inquiry is not at an end. As we have just pointed out in *Williams v. State, supra,* 323 Md. at 316–317, 593 A.2d at 673, and in numerous other cases there cited, while the required evidence test is the normal standard for determining whether

there should be a merger when the same act or acts give rise to different offenses, it is not the exclusive standard. When two offenses based on the same act or acts do not merge under the required evidence test, we have applied as a principle of statutory construction the "rule of lenity." Under this rule, doubts as to whether the legislature intended multiple punishments for the same act or acts will generally be resolved in favor of merger and against multiple punishments. The rule of lenity, however, like other principles of statutory construction, is neither absolute nor exclusive. In addition to the rule of lenity, we have examined the positions taken by courts elsewhere, looked to whether the type of conduct has traditionally resulted in multiple punishments, and considered the fairness of multiple punishments in the particular situation. *Williams v. State, supra,* 323 Md. at 317, 593 A.2d at 673; *Monoker v. State, supra,* 321 Md. at 222–223, 582 A.2d at 529; *White v. State,* 318 Md. 740, 745–746, 569 A.2d 1271, 1274 (1990).

 In light of the above-mentioned considerations, we hold that an Art. 27, § 36(a), weapon conviction does not for sentencing purposes merge into a third degree sexual offense conviction based in whole or in part on Art. 27, § 464B(a)(3).

 Unlike the provisions of the handgun statute,[7] the General Assembly did not in Art. 27, § 36(a), specifically address convictions under different statutes or address multiple sentences. Nevertheless, the Legislature in § 36(a), after specifying the range of imprisonment for a violation, stated:

> "[I]n case of conviction, if it shall appear from the evidence that such weapon was carried, concealed or openly, with the deliberate purpose of injuring the person or destroying the life of another, the court shall impose the highest sentence of imprisonment prescribed."

7. Art. 27, § 36B. *See* the discussion in *Whack v. State,* 288 Md. 137, 145–149, 416 A.2d 265, 269–270 (1980), *cert denied and appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981).

This expresses a sentiment somewhat inconsistent with merger under the rule of lenity.

Furthermore, Maryland cases have uniformly refused to merge § 36(a) convictions into convictions for other offenses where such merger was not mandated by the required evidence test. *Brooks v. State, supra,* 284 Md. at 422–424, 397 A.2d at 599–600; *Nance v. State,* 77 Md.App. 259, 267, 549 A.2d 1182, 1185–1186 (1988), *cert. denied,* 314 Md. 629, 552 A.2d 894 (1989); *Selby v. State,* 76 Md.App. 201, 218–219, 544 A.2d 14, 23 (1988), *aff'd,* 319 Md. 174, 571 A.2d 1236 (1990); *Walker v. State, supra,* 53 Md.App. at 204, 452 A.2d at 1251.[8] The General Assembly has taken no action to change the result of those decisions.

A primary purpose of statutes proscribing the carrying or employment of dangerous or deadly weapons is to discourage their use in criminal activity. Where the underlying criminal activity does not itself necessarily involve the carrying or use of dangerous or deadly weapon, the carrying or use of a dangerous or deadly weapon, in violation of a statute like § 36(a), is an aggravating factor warranting punishment in addition to the punishment imposed for the underlying criminal activity. When someone commits a crime such as that proscribed by Art. 27, § 464B(a)(3), and also employs a dangerous or deadly weapon in violation of Art. 27, § 36(a), there is no unfairness associated with the imposition of separate sentences for each offense.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE ONE OF THE SENTENCES FOR THIRD DEGREE SEXUAL OFFENSE AND TO VACATE THE SENTENCE FOR BATTERY. COSTS IN THIS COURT AND IN THE COURT OF SPE-

---

**8.** It must be noted that the defendant in the *Brooks* case did not argue merger based on the rule of lenity. In the other three cases, however, merger arguments based on the rule of lenity were specifically rejected.

**358**

CIAL APPEALS TO BE PAID TWO–THIRDS BY FRED-ERICK COUNTY AND ONE–THIRD BY THE PETITION-ER.