ERVIN, Judge.
Appellant was convicted of sexual battery on a physically incapacitated victim, in violation of Section 794.011(4)®, Florida Statutes (1991), and sexual activity with a child while in a position of custodial authority, in violation of Section 794.041(2)(b), Florida Statutes (1991), and sentenced to concurrent nine-year terms. He urges reversal of one of the two convictions, because both offenses were based on a single sexual act. We affirm the convictions and sentences based on Slaughter v. State, 538 So.2d 509 (Fla. 1st DCA 1989), appeal dismissed, 557 So.2d 34 (Fla.1990), in which this court, after applying a Blockbur-ger[1] analysis, affirmed separate convictions and sentences for sexual battery by force not likely to cause serious personal injury and sexual activity with a child by a person in familial authority based on evidence of a single penetration.
In so doing, we recognize that our decision appears to be in conflict with George v. State, 488 So.2d 589 (Fla. 2d DCA 1986), wherein the Second District held that only one sexual battery conviction was proper once the evidence established only one penetration. We consider George distinguishable, because it involved charges of sexual battery by force or violence likely to cause serious personal injury and sexual battery by force or violence not likely to cause serious personal injury, the latter being a permissive lesser-included offense to the first. Moreover, George was decided before the enactment of Section 775.-021(4)(b), Florida Statutes, wherein the legislature stated its intent to convict and punish for each crime.
AFFIRMED.
JOANOS and WOLF, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).