656 A.2d 360

**Gregorio Aldape CORTEZ,**

v.

**STATE of Maryland.**

**No. 1099, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

April 4, 1995.

J. Marcus Slowiak, Annapolis, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen., Rachel Marblestone Kamins, Staff Atty. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Frank R. Weathersbee, State's Atty. for Anne Arundel County of Annapolis, on the brief), for appellee.

Submitted before ALPERT, BLOOM and WENNER, JJ.

BLOOM, Judge.

The State's Attorney for Anne Arundel County filed a two count information charging appellant, Gregorio Aldape Cortez, with "Assault and Battery" (Count I) and Fourth Degree Sexual Offense (Count II). At a bench trial in the Circuit Court for Anne Arundel County, appellant was convicted of a fourth degree sexual offense and battery.[1] The court imposed the maximum prison sentence, one year, for the sex offense and a concurrent four year sentence for battery.

In this appeal from those judgments, appellant asserts that battery is a lesser included offense in fourth degree sex offense and, as such, merges into the fourth degree sex offense, thereby precluding a separate sentence for assault and battery. The State contends that the convictions were based on "separate insults" to the person of the victim and,

---

1. There is no single crime in Maryland properly designated as "Assault and Battery." When the term is used, either it refers to two distinct crimes or it refers to the crime of battery, and when it does the word "assault" is superfluous. *Woods v. State*, 14 Md.App. 627, 632, 288 A.2d 215 (1972).

therefore, do not merge. Our conclusion is that, because we cannot tell whether the trial judge *did* find that appellant committed a battery by the use of force separate and distinct from that used to commit the fourth degree sexual offense, we must resolve the doubt in favor of appellant and vacate the sentence for battery.

The victim, a fourteen year old girl, testified that she visited the home of appellant with a fifteen year old girl friend whose mother knew appellant. Appellant's television set was in his bedroom and the two girls went into the bedroom and sat on the bed to watch television. When the victim's girl friend left the room, appellant grabbed her arms, threw her down on the bed, straddled her, held her arms over her head, immobilizing them, and then put his hand under her shirt. He squeezed her breast and hurt it. He tried to put his hand down her pants. She told him to stop and yelled for help. Afterward, she had red bruises on her arms and bruises on her right breast. Appellant's version was that the sexual contact or touching was consensual. That version was supported by the victim's girl friend, who testified that the victim consented to the touching, having agreed in advance that for a sum of money to be paid by appellant he would be allowed to touch her for a limited time.

Appellant presented his merger argument at sentencing, relying on *State v. Lancaster*, 332 Md. 385, 631 A.2d 453 (1993), which had been decided only a few months earlier. The State's Attorney conceded that she was not familiar with that case, and the trial judge was likewise unfamiliar with it. He said he would read the case "before the day is out." It is obvious from the record, however, that he did not read it before pronouncing sentence.

In *State v. Lancaster*, the Court of Appeals held that a conviction for perverted sex practice, based on evidence that appellant performed fellatio on a fifteen year old boy, merged into a conviction for fourth degree sexual offense based upon the same evidence, appellant being more than four years older

than the boy on whom he performed the oral sex act. The Court pointed out that

" '[u]nder settled Maryland common law, the usual rule for deciding whether one criminal offense merges into another or whether one is a lesser included offense of the other, . . . when both offenses are based on the same act or acts, is the so called "required evidence test." ' " *In re Montrail M.,* 325 Md. 527, 531, 601 A.2d 1102, 1104 (1992), quoting *Williams v. State,* 323 Md. 312, 316, 593 A.2d 671, 673 (1991). *See Eldridge v. State,* 329 Md. 307, 319, 619 A.2d 531, 537 (1993); *Biggus v. State,* 323 Md. 339, 350, 593 A.2d 1060, 1065 (1991); *Snowden v. State,* 321 Md. 612, 616, 583 A.2d 1056, 1059 (1991) and cases there cited.

The required evidence test " 'focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter.' "

When there is a merger under the required evidence test, separate sentences are normally precluded. Instead, a sentence may be imposed only for the offense having the additional element or elements. . . .

*Id.* 332 Md. at 391–92, 631 A.2d 453.

■ Fourth degree sexual offense is, as explained in *Lancaster,* a "multi-purpose" offense, i.e., an offense having alternative elements, which means that, "under the statutory language itself or the common law requirements," it may be committed "in two or more different ways, any one of which is sufficient for a conviction." *Id.* 332 Md. at 392 n. 3, 631 A.2d 453 (citing *Biggus v. State,* 323 Md. 339, 344–50, 593 A.2d 1060 (1991)).

Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 464C(a) states:

A person is guilty of a sexual offense in the fourth degree if the person engages:

(1) In sexual contact with another person against the will and without the consent of the other person; or

(2) In a sexual act with another person who is 14 or 15 years of age and the person performing the sexual act is four or more years older than the other person; or (3) In vaginal intercourse with another person who is 14 or 15 years of age and the person performing the act is four or more years older than the other person.

The definitions of "sexual contact" and "sexual act" are set forth in Art. 27, § 461. "Sexual contact" means

the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purposes of sexual arousal or gratification or for abuse of either party and includes the penetration, no matter how slight, by any part of a person's body, other than the penis, mouth, or tongue, into the genital or anal opening of another person's body if that penetration can be reasonably construed as being for the purpose of sexual arousal or gratification or for abuse of either party. It does not include acts commonly expressive of familial or friendly affection, or acts for accepted medical purposes.

"Sexual act" (as used in Art. 27, § 464C) means cunnilingus, fellatio, anilingus, or anal intercourse, but does not include vaginal intercourse.

■ As the Court of Appeals pointed out in *Biggus v. State*, 323 Md. 339, 348, 593 A.2d 1060 (1991), the sections of the "sexual offenses" subtitle of Article 27 that define substantive offenses, including § 464C, were each intended to define a single offense. Each of those offenses can be committed in a number of different ways. As noted *supra*, a fourth degree sexual offense can be committed by any of several different acts constituting sexual contact against the will and without the consent of the other person, or by sexual intercourse or a sexual act (which can be any of a number of specific acts) with someone who is 14 or 15 years of age and four years younger than the actor.

In *Lancaster*, the Court explained that, when applying the required evidence test to multi-purpose offenses such as fourth degree sex offenses, "a court must 'examin[e] the

alternative elements relevant to the case at issue.' " 332 Md. at 392, 631 A.2d 453 (quoting *Snowden v. State*, 321 Md. 612, 618, 583 A.2d 1056 (1991)). Judge Adkins, writing for the Court of Appeals in *Nightingale v. State*, 312 Md. 699, 542 A.2d 373 (1988) (which involved an interplay between such multi-purpose statutory crimes as second, third, or fourth degree sexual offenses (Art. 27, §§ 464A, 464B, and 464C, respectively) and child abuse (Art. 27, § 35A), itself a multi-purpose statutory offense that can be committed in any of several different ways), described that process as follows:

> When, as here, a multi-purpose criminal statute is involved, the court
>
>> must construct from the alternative elements within the statute the·particular formulation that applies to the case at hand. It should rid the statute of alternative elements that do not apply. It must, in other words, treat a multi-purpose statute written in the alternative as it would treat separate statutes. The theory behind the analysis is that a criminal statute written in the alternative creates a separate offense for each alternative and should therefore be treated for double jeopardy purposes as separate statutes would.

312 Md. at 706–707, 542 A.2d 373 (quoting *Pandelli v. United States*, 635 F.2d 533, 537 (6th Cir.1980) (footnote omitted)).

Applying the method set forth in· *Nightingale* and *Lancaster*, we can readily eliminate both the sexual act and the vaginal intercourse ways of committing a fourth degree sexual offense, since there is no contention that appellant either committed a sexual act as defined in Art. 27, § 461 or engaged in vaginal intercourse with the victim. The type of fourth degree sexual offense with which appellant was charged was limited to engagement "in sexual contact with another person against the will and without the consent of the other party" or, in other words, an unwanted, unwelcome, uninvited "intentional touching" of an "intimate part[ ]" of the victim's body "for the purposes of sexual arousal or gratification or for abuse."

Lewis HOCHHEIMER, CRIMES AND CRIMINAL PROCEDURE (Second Edition) § 255 defines "battery" as follows:

The least actual force unlawfully applied to the person of another constitutes a battery. Force is applied, when there is any touching of a person or anything attached to the person by the aggressor or by any person or thing set in motion by him.

In RICHARD P. GILBERT AND CHARLES E. MOYLAN, JR., MARYLAND CRIMINAL LAW: PRACTICE AND PROCEDURE, § 3.1 (1983), it is stated:

The mere placing of one's hand upon the body of another without consent of the latter is sufficient in law, to constitute the offense [of battery]. Were the law otherwise, it is highly probable that persons, particularly women, would be regularly subjected to assault and battery by the more base element of society. Cognizant of that fact, the courts have taken a strict view with respect to assault and battery by placing hands upon the person of another.

By touching the victim without her consent and against her will, appellant committed a battery. It is his contention that that battery was a lesser included offense within the fourth degree sexual offense for which he was convicted, since battery involves only the single act of touching without consent whereas the particular fourth degree sexual offense he committed has additional elements: the touching must be to an intimate part of the body, and the touching must be for sexual arousal or gratification or abuse.

The State argues that appellant, by grabbing the victim and holding her down on the bed while he fondled her breasts, committed a battery separate and distinct from the battery necessarily included within the fourth degree sexual offense. The State quotes from *State v. Boozer*, 304 Md. 98, 105, 497 A.2d 1129 (1985):

[S]eparate acts resulting from separate insults to the person of the victim may be separately charged and punished even though they occur in close proximity to each other and even though they are part of a single criminal episode.

*State v. Boozer* is inapposite. That case did not involve a question of merger of a lesser included offense into a greater offense. The question in *Boozer* was whether the defendant, having once been placed in jeopardy on a charge of committing a fourth degree sexual offence in one manner could be subjected to a subsequent prosecution for attempted fourth degree sexual offense of a different type, i.e., by different acts, arising out of the same criminal episode. The Court held that the second prosecution was permitted.

We need not decide whether grabbing the victim and holding her down in order to fondle her breasts was a separate and distinct battery from the sexual conduct of touching her breasts so that convictions and sentences for both battery and fourth degree sex offense may be sustained. The blunt and simple answer to the State's argument is that the Court did not indicate that it made a finding that there were separate and distinct batteries, only one of which necessarily merged into the conviction for fourth degree sexual offense.

The problem that confronts us here is identical to the one that the Court of Appeals dealt with in *Snowden v. State*, 321 Md. 612, 583 A.2d 1056 (1991). There the issue was whether an assault or battery or both merged into a robbery. As the Court pointed out, "assault" is either an attempt to commit a battery or an intentional placing of another in apprehension of receiving an immediate battery, whereas "battery," a common-law offense, is the unlawful application of force to another. "Robbery" is a compound crime, being larceny from the person accomplished by either an assault or a battery. The facts of the case were brutal, tragic, but simple. Snowden and an accomplice, intending to steal, invaded a restaurant through a back door when a restaurant employee, Bucklaw, opened the door to take trash out to the dumpster. Snowden held Bucklaw and another at gunpoint. Bucklaw struggled for the gun and was shot and killed. The restaurant manager came from his office to the kitchen and was immediately shot in the arm by Snowden. After forcing the manager and the other employee to lie on the floor, Snowden, at gun point, forced the manager to lead him to the office, where the

restaurant's money was located. Snowden and his accomplice made off with $3,000.

Snowden was convicted of the murder of Bucklaw and of an assault and battery upon and robbery of the manager. On appeal, he did not contest either the murder or the robbery conviction. His contention was that his separate conviction for assault and battery of the manager merged into the greater offense of robbery of the manager with a deadly weapon, arguing that all of those offenses arose from the same transaction and all of the elements of assault and battery were required to be proved in order to prove the robbery. The State argued that there were two separate crimes against the manager: shooting the manager was a separate battery, not required to effectuate the robbery; forcing the manager at gunpoint to lead Snowden to the money and to hand over the money was the force or threat of force required to prove the robbery.

The Court stated that assuming, for the sake of argument, that the fact finder had a basis for concluding either that the shooting was a separate act or that it was part of the robbery, it actually did neither. The Court held that the rationale it had applied in *Nightingale, supra,* dictated a clear result, merger of the assault and battery into the armed robbery. *Snowden,* 321 Md. at 619, 583 A.2d 1056. In *Nightingale,* the Court determined that the jury could have found the defendant guilty of child abuse on evidence of different conduct than that which formed the basis of the conviction of a sex offense, but it might have found him guilty of child abuse solely on evidence of some sexual offense. *Nightingale,* 312 Md. at 708, 542 A.2d 373. If that were the case, the sex offense would have been a lesser included offense of child abuse. *Id.* The problem was that the Court could not tell whether the general verdict of guilty of abuse was based on the sex offense or on some other conduct. *Id.* In *Snowden,* the Court was faced with the same ambiguity and it resolved it the same way that it was resolved in *Nightingale:* it gave Snowden the benefit of the doubt and merged the conviction of and sentence for assault and battery into the conviction and

sentence on the robbery charge. *Snowden,* 321 Md. at 619, 583 A.2d 1056.

In *Biggus v. State,* 323 Md. 339, 593 A.2d 1060 (1991), the Court again commented on the problem of merger when there is an ambiguous verdict. Biggus was convicted of, *inter alia,* a third degree sexual offense, based on evidence that he inserted a finger into the victim's anus, and battery. The Court observed:

> If the charges and guilty verdict of battery had not been based on later acts of grabbing the victim and punching him in the head in order to prevent his escape, separate convictions and sentence for a third degree sexual offense and for battery would have been permissible. *See* the discussion in *Snowden v. State,* 321 Md. 612, 620–623, 583 A.2d 1056, 1060–1062 (1991) (McAuliffe, J. concurring). On the other hand, if there had been ambiguity as to the basis for the battery conviction, it would have been resolved in favor of a single sentence. *Snowden,* 321 Md. at 618–619, 583 A.2d at 1059–1060, and cases there cited.

*Id.* 323 Md. at 352 n. 3, 593 A.2d 1060.

We are confronted with the same problem of ambiguity of verdict that confronted the Court of Appeals in *Snowden.* We may assume, for the sake of argument, that the trial judge could have found appellant guilty of battery on the basis of an act or acts separate and distinct from the act that constituted the fourth degree sexual offense. Nevertheless, the trial judge's rationale for the battery conviction is not readily apparent to us. Therefore, we are constrained to hold that the conviction and sentence for battery merges into the conviction and sentence for the fourth degree sexual offense and, therefore, that the sentences for battery must be vacated. *Snowden,* 321 Md. at 619, 583 A.2d 1056; *Nightingale,* 312 Md. at 708–709, 542 A.2d 373.

■ We are not unmindful of the fact that in this case the lesser included offense carried the greater penalty. The maximum penalty for a fourth degree sexual offense is imprisonment for one year; battery is a common law crime with no

limit as to penalty except the constitutional prohibition against cruel and unusual punishment. In this case, the penalty for battery was four years. Nonetheless, as *held* in *Lancaster*, the lesser offense, which merges into the greater offense, depends on the elements of the crime, not the penalties. In *Lancaster*, the ten year sentence for perverted sex practices was vacated by merger of that offense into the conviction and one year sentence for fourth degree sexual offense. *Lancaster*, 332 Md. at 422, 631 A.2d 453.

This merger problem continues to arise despite *Nightingale, Biggus, Snowden, and Lancaster.* We believe it can be avoided in a case in which separate convictions and sentences might be sustainable on the evidence. In a bench trial, the solution is simple: the trial judge need only articulate for the record the basis for the dual verdicts, stating the separate acts justifying both convictions. In a jury trial, the solution, as suggested in *Snowden,* is the giving of an appropriate instruction. For example, the trial judge might instruct the jury that, if it found the defendant guilty of robbery (or kidnapping, or other compound crimes in which force or the threat of force is an element), it could find the defendant guilty of battery (or assault, or both) only if it found that there was a use of force (or threat of force) separate from and independent of the force (or threat of force) employed to effect the greater offense. If such an instruction were given, a conviction of battery or assault in addition to the conviction of the greater offense would not merge, and the only debatable issue would be the sufficiency of the evidence of a separate battery or assault to sustain the conviction.

**SENTENCE IMPOSED ON COUNT ONE VACATED. JUDGMENTS OTHERWISE AFFIRMED. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.**